## DAVIS VS. THE STATE.

CRIMINAL LAW AND PRACTICE. (1, 2) *Verdict bad, without arraignment and plea.* (3) *Plea of "not guilty" cannot be entered* nunc pro tunc, *after verdict.*

1. The rule that "a verdict in a criminal case, where there has been neither arraignment nor plea, is a nullity, and no judgment can be rendered upon it" (*Douglass v. The State*, 3 Wis., 820), applies to a criminal prosecution for an assault and battery.
2. After a verdict in a criminal case, the court cannot order a plea of "not guilty" to be entered for the defendant, without his consent, and then render judgment against him upon the verdict.
3. Sec. 30, ch. 137, Laws of 1871, which provides for correcting certain errors or mistakes in the record by amendment, does not authorize the entry, after verdict, of such a plea, *nunc pro tunc.*

ERROR to the Circuit Court for *Iowa* County.

The plaintiff in error was prosecuted to conviction before a justice of the peace for an assault and battery. He appealed to the circuit court, where he was again tried and found guilty by the jury. The return of the justice fails to show that he pleaded or refused to plead to the complaint in the justice's court; and the record shows that he did not plead or refuse to plead thereto in the circuit court. On the ground that he had never pleaded or been called upon to do so, and on other grounds which need not be stated, he moved in arrest of judgment in the circuit court. That court denied the motion, and, after ordering that a plea of not guilty be entered *nunc pro tunc*, rendered judgment upon the verdict.

*Wilson & Jones*, for plaintiff in error, to the point that the court cannot supply an issue after verdict in a criminal action, cited Whart. Cr. Law, 530; *Peters v. The State*, 3 G. Greene, 74; *State v. Hughes*, 1 Ala., 655.

*The Attorney General*, for the state.

LYON, J. This case is ruled by that of *Douglass v. The*

*State*, 3 Wis., 820, in which it was held that a verdict in a criminal case where there has been neither arraignment nor plea is a nullity, and no judgment can be rendered thereon. The learned attorney general concedes this to be so, unless (quoting his language)* "1. That decision should be held not applicable to a simple assault and battery; or 2. That error was cured by the order entering the plea *nunc pro tunc;* or 3. The *statute* of 1871, ch. 137, sec. 30, cures the defect. (Tay. Stats., 1942, § 17)."

In *Douglass v. The State*, the offense charged in the indictment was for erecting and maintaining a nuisance. Like a simple assault and battery, this was a mere misdemeanor, and we do not perceive how any distinction can be made in the two cases in respect to the necessity of a plea.

Neither do we think that the defect was cured by the entry, after a verdict, of a plea *nunc pro tunc*. We have been referred to no authority which supports the opposite view, and are not aware of any rule of criminal practice which supports it. And it may be further observed that the jurors' oaths prescribed by statute are framed on the hypothesis that the issue is to be made up before trial. The jury in the circuit court were sworn to "well and truly try *the issue*" between the state and the plaintiff in error according to the evidence. R. S., ch. 179, sec. 4. When the jury were so sworn, and when the verdict was rendered, there was no issue of record to try. The form of the jury oath in the justice's court is somewhat different, but the import is believed to be the same. R. S., ch. 121, sec. 16.

The statute of 1871, cited by the attorney general, does not reach the case. It provides for correcting certain errors or mistakes in the record by amendment. The plea ordered by the court to be entered is not, in any correct sense, an amendment. The court, by its order, did not attempt to amend anything, but to supply, after verdict, an entire proceeding, which should have been taken before trial, and which was essential to a proper trial.

The case of *State v. Cole*, 19 Wis., 129, is not an authority for sustaining the practice adopted by the circuit court in the present case. It appears in the report of that case that "after the jury had been impaneled and sworn, the defendant was put to plead, and pleaded not guilty." In a head note it is said that this was not error. But so far as the report shows, the point was not argued or decided. It became of no importance after the court awarded a new trial on other grounds. We do not decide the precise point here. We only hold that, after verdict it is too late to order a plea to be entered for the defendant in a criminal case without his consent, and then to render judgment on the verdict.

*By the Court.* — The judgments, both of the circuit court and the justice, are reversed.