(67 N. W. Rep. 590.)

---

## STATE OF NORTH DAKOTA *vs.* JACOB BRONKOL.

Opinion filed June 3rd, 1896.

**Former Jeopardy.**

The defendant was charged by a valid information with the commission of a criminal offense, arising under section 6933, Comp. Laws. Without being arraigned upon the information, and before pleading thereto, defendant was put upon his trial, and, after introducing its evidence, the case was rested in behalf of the state. At this stage a motion was made by defendant's counsel to discharge the defendant, and dismiss the action, for the reason that the defendant had not been arraigned upon the information, and had not pleaded thereto. The motion was not granted, but while the motion was pending, and on the application of the state's attorney, the jury was discharged; and, under the direction of the court, the defendant was arraigned on the information, and pleaded thereto a former acquittal for the same offense, and former jeopardy. The facts being conceded, the District Court overruled both of said pleas. *Held*, that such ruling was not erroneous.

**Trial Before Pleading to Information a Nullity.**

To proceed with a trial of the facts without a plea to the information was a fundamental error, and no conviction thus obtained could stand. The calling of the jury under such circumstances was without authority of law. Such a body of men was not a trial jury, in a legal sense. No plea having been entered, there was no issue for a jury to try; hence to discharge a jury, so called, was not only proper, but was a legal necessity; hence legal jeopardy did not attach by reason of calling such jury.

**Plea of Former Acquittal When Unavailing.**

There having been no verdict returned by such jury, the plea of former acquittal was properly overruled.

**Selling Mortgaged Property—Intent.**

Section 6933, Comp. Laws, construed. *Held*, that the statutory offense defined by the section is established by showing that a sale of mortgaged property without the consent of the mortgagee, and while the mortgage was in force, was made "willfully;" *i. e.* intentionally, and not by a mistake. The intent to defraud by such sale is not an essential ingredient of the crime.

Appeal from District Court, Grand Forks County; *Templeton*, J.
Jacob Bronkol was convicted of selling mortgaged property,
and appeals.

Affirmed.

*W. H. Standish*, for appellant.

The jury having been impaneled and sworn jeopardy attached.
*People* v. *Sam Chung*, 29 Pac. Rep. 642; *Franklin* v. *State*, 11 S.
E. Rep. 876; *Lee* v. *State*, 26 Ark. 260; *People* v. *Hunckeler*, 48
Cal. 331; *Foster* v. *State*, 7 So. Rep. 185; *Ex parte Snyder*, 29 Mo.
App. 256; *Ex parte Ulrich*, 42 Fed. Rep. 587; *State* v. *Snyder*, 12 S.
W. Rep. 369; *State* v. *Snyder*, 11 S. W. Rep. 1036; *State* v. *St. Clair*,
7 So. Rep. 713; *Boswell* v. *State*, 11 N. E. Rep. 788; *State* v. *Hayes*,
24 N. W. Rep. 575; *State* v. *Greene*, 23 N. W. Rep. 154; *Conklin* v.
*State*, 41 N. W. Rep. 788; *State* v. *Lee*, 15 So. Rep. 159; *Com.* v.
*Fitzpatrick*, 1 L. R. A. 451; *U. S.* v. *Molloy*, 31 Fed. Rep. 19;
*Hayden* v. *State*, 18 S. W. Rep. 239; *State* v. *Cassiday*, 12 Kan. 550;
*State* v. *Patterson*, 22 S. W. Rep. 696; *Dawson* v. *People*, 25 N. Y.
399; *Guenther* v. *People*, 24 N. Y. 100; *State* v. *Scott*, 65 N. W. Rep.
31; *State* v. *Bunker*, 65 N. W. Rep. 33; *State* v. *Reddington*, 64 N.
W. Rep. 170. When an act has been done in ignorance of the
matter of fact on which the crime is based, it is not a crime. It
lacks the element of willfulness. *Foster* v. *State*, 7 So. Rep. 185;
*State* v. *Preston*, 34 Wis. 682; *State* v. *Clarke*, 29 N. J. L. 96;
*Newell* v. *Town*, 58 Vt. 342; *Com.* v. *Munson*, 127 Mass. 459.

*J. G. Hamilton, States Attorney*, and *John F. Cowan, Atty. Gen'l*,
(*J. H. Bosard*, of counsel,) for respondent.

A person is in legal jeopardy when the case is submitted to the
jury; after the prisoner has been arraigned, a plea of "not guilty"
entered and the jury impaneled and sworn. 1 Bish. Crim. Law,
1070; *State* v. *Tatman*, 13 N. W. Rep. 632; *State* v. *Pierce*, 42 N.
W. Rep. 181; *Davis* v. *State*, 38 Wis. 487. A trial without arraign-
ment and plea is a nullity and no jeopardy attaches. *Newson* v.
*State*, 2 Ga. 60; *Weaver* v. *State*, 83 Ind. 289; *Davis* v. *State*, 38

Wis. 487; *Douglass* v. *State*, 3 Wis. 820. There must be an issue. *Grogan* v. *State*, 44 Ala. 1; *Bell* v. *State*, 44 Ala. 393; *Lee* v. *State*, 26 Ark. 260; *Ned* v. *State*, 7 Post (Ala.) 187; *Link* v. *State*, 3 Heisk. 252; *White* v. *State*, 7 Tex. App. 374; *State* v. *Smith*, 55 N. W. Rep. 198; Bish. Cr. L. 1029. When an arraignment has been made and no plea entered of record the prosecution may be discontinued without prejudice. *State* v. *McKee*, 1 Bailey, (S. C.) 651; *Clarke* v. *State*, 23 Miss. 261. Without a plea there is no issue to try. *Jefferson* v. *State*, 24 Tex. App. 535, 7 S. W. Rep. 244; *State* v. *Hunter*, 8 So. Rep. 624; *Territory* v. *Brash*, 32 Pac. Rep. 260; *Munson* v. *State*, 11 S. W. Rep. 114; *State* v. *Wilson*, 22 Pac. Rep. 622; *Bowen* v. *State*, 12 So. Rep. 808; *Parkinson* v. *People*, 135 Ill. 401, 25 N. E. Rep. 764; *State* v. *Williams*, 117 Mo. 379, (22 S. W. Rep. 1104;) *Stoneham* v. *Com.*, 10 S. E. Rep. 238; *State* v. *Montgomery*, 63 Mo. 296. All the preliminary steps necessary to the trial must be taken or jeopardy will not attach. *Weaver* v. *State*, 83 Ind. 289; *State* v. *Pierce*, 42 N. W. Rep. 181. Though the jury has been impaneled and sworn there is no jeopardy, therefore no bar to a second proceeding, unless the prior proceedings are such that a judgment upon a verdict returned would be valid. *State* v. *Pribnow*, 16 Neb. 131; *Weaver* v. *State*, 83 Ind. 289; *Peo.* v. *Larson*, 68 Cal. 18; *State* v. *Ward*, 48 Ark. 36, 2 S. W. Rep. 191; *Black* v. *State*, 91 Am. Dec. 772; *Pritchett* v. *State*, 62 Am. Dec. 468. The term "willfully" as used in connection with this crime, means that the act was designed, done purposely, and did not happen through accident or mistake. *Com.* v. *Porter*, 1 Gray. 476; 2 Bish. Cr. L. 308; *State* v. *Hughes*, 56 N. W. Rep. 982; *State* v. *Ruhnke*, 7 N. W. Rep. 264.

WALLIN, C. J. The appellant was convicted in the District Court for the offense of selling mortgaged property. The controlling facts appearing in the record of the case sent to this court may be briefly stated as follows: On November 18, 1895, the state's attorney filed an information charging the defendant with committing said offense. On December 14, 1895, a jury was impaneled, and the defendant was placed upon his trial for the

offense charged in said information. After the case was opened by the state's attorney to the jury, the state introduced a number of witnesses to prove said charge, and said witnesses were examined in chief, and also cross-examined by the defendant; whereupon the state, after introducing all of its evidence, rested the case. The accused, by his counsel, at this stage of the proceedings, interposed a motion to dismiss said action, and discharge the defendant from custody, upon the ground and for the reason that the defendant had not at any time been arraigned upon said information, and had never been accorded an opportunity to plead to the same in any manner; whereupon the state's attorney admitted that the defendant had never been arraigned upon the information, and had never been afforded an opportunity to plead thereto. While said motion of the defendant to dismiss the action was pending and undecided, the state's attorney moved the court to "discharge the jury," and the jury was then discharged. Against the defendant's objection thereto, he was then arraigned upon said information; and, time to plead having been extended, the case was continued until December 20, 1895, at which date the accused appeared in court, and interposed a plea of former acquittal of the same offense, and also a plea of prior jeopardy. The facts occurring in court upon December 14, 1895, as above stated, were in substance the basis of fact upon which both of said pleas rested. The issues raised by said pleas were submitted to a jury, and the facts as above stated were then stipulated and admitted to be true in open court; whereupon the court instructed the jury in effect that said facts did not constitute either a former acquittal or prior jeopardy for the same offense, and that the jury should find for the state upon the issues raised by both of said pleas; and the jury so found. Defendant took an exception to such instruction. The jury was then resworn to try the defendant upon the charge contained in said information.

The information was framed under section 6933, Comp. Laws, which reads: "Every mortgagor of personal property, or his legal representatives, who, while his mortgage thereof remains in

force and unsatisfied, willfully destroys, removes, conceals, sells or in any manner disposes of or materially injures the property or any part thereof, covered by such mortgage, without the written consent of the then holder of such mortgage, shall be deemed guilty of felony, and shall, upon conviction, be punished by imprisonment in the territorial prison for a period not exceeding three years, or in the county jail not exceeding one year, and by fine not exceeding five hundred dollars." The chattel mortgage mentioned in the information is described as a mortgage made in January, 1893, by the defendant to the State Bank of Reynolds, covering crops on certain real estate described in the mortgage, and that the defendant, while said mortgage was in force, willfully sold a part of such crop, consisting of 400 bushels of wheat, without the written consent of the holder of said mortgage, and while the same was in force. At the trial, the defendant offered in evidence another chattel mortgage, executed in January, 1892, to one Collins, to secure a debt of $300. The mortgage so offered was likewise a crop mortgage, but it covered the crops on a tract of land located some six miles distant from the land described in the mortgage set out in the information. Counsel for the state objected to the introduction of the Collins mortgage in evidence, upon the ground that it was incompetent, irrelevant, and immaterial, which objection was sustained, whereupon the defendant's counsel "offers to prove that the defendant believed that it covered the crop he is now being prosecuted for by information and trial for having sold; and that he never knew that it did not cover this crop, by virtue of the fact that it describes the same quarter section in the same section, but six miles distant, by reason of being named in the wrong town; and that this error arose wholly from the error of the man who drew the chattel mortgage covering this crop until about one month since, and that is in the fall of 1895,"—which offer was overruled, and the evidence rejected. To both of these rulings defendant's counsel properly excepted. No exception was taken to any of the instructions given to the jury by the court below

concerning the facts and merits of the case, and all errors assigned in this court may be disposed of under two assignments, viz.: That the trial court erred in its instructions to the jury to the effect that that the pleas of prior jeopardy and formal acquittal were insufficient in law; and, second, that the court erred in excluding the Collins mortgage, and the evidence offered in connection with said mortgage, from the consideration of the jury.

In our opinion, both assignments of error are untenable. Manifestly, such proceedings as were had before the court and jury on December 14, 1895, did not result in defendant's acquittal upon the charge against him, as stated in the information. There was no acquittal in fact. The case against the defendant was not on that date, or at any time, submitted to that jury for their verdict; and no verdict of any kind was ever returned in the case against the defendant by the jury which was first impaneled. The first jury on the application of the state's attorney was, by order of the trial court, discharged, without returning a verdict. The plea of former acquittal could not have been sustained by the production of a verdict, nor was such discharge an acquittal on the merits in any sense. See Comp. Laws, § 7309; *State* v. *Priebnow*, 16 Neb. 131, 19 N. W. 628. In Wharton's treatise the rule is stated as follows: "But between the pleas of *autrefois acquit* and convict, and once in jeopardy, there is this important distinction: that the former presupposes a verdict, and the latter the discharge of the jury without a verdict." Whart. Cr. Pl. & Prac. § 491. But, as defendant's plea of former jeopardy need not rest upon a verdict, the question presented by the record is whether the proceedings had before the first jury constitute prior jeopardy as to the offense for which the accused was found guilty by another jury which was impaneled at a later date. We think the discharge of the first jury, under the circumstances stated, resulted from a cause which created a legal necessity for such discharge. It is often said in general terms that legal jeopardy attaches in criminal cases whenever, upon a valid indictment, a jury is sworn to try the accused. But to this rule, under

modern authority, there are many exceptions, which are familiar, and need not be referred to here. See Whart. Cr. Pl. & Prac. § 508; *State* v. *Hazledahl,* 2 N. D. 521, 52 N. W. 315. The sole function of a trial jury in a criminal case is to determine an issue of fact joined between the accused and the state; and, until such issue is joined by plea to the indictment, there is no warrant in the law for either calling or swearing a jury. The statute is imperative that such issue shall be joined unless the indictment is disposed of either by motion or by demurrer; and, where the defendant stands mute, the plea of not guilty is required to be entered of record in his behalf. Comp. Laws, 7301-7311. To enter upon the trial after swearing a jury, but before the entry of a plea to the indictment, has frequently been held to be such prejudicial error as will entitle the accused to a new trial. *State* v. *Wilson,* (Kan. Sup.) 22 Pac. 622; *Davis* v. *State,* 38 Wis. 487; *Douglass* v. *State,* 3 Wis. 820; *State* v. *Pierce,* (Iowa) 42 N. W 181; *Weaver* v. *State,* 83 Ind. 289. The authorities cited also hold that a discharge of the jury for such reason does not operate as a bar to another prosecution for the same offense. It is held in Arkansas—and this would be the general rule—that to discharge the jury after a plea, the indictment being valid, would operate as a bar. *Lee* v. *State,* 26 Ark. 260. In the case from Arkansas there was no legal necessity for the discharge of the jury, the only reason being that a good indictment was erroneously supposed to be bad; hence their discharge was properly held to operate as a bar.

Nor do we discover error in the ruling of the trial court in excluding the Collins mortgage, and the evidence offered to explain it, from the consideration of the jury. The Collins mortgage, as written, described crops raised on different land, viz. crops grown on a tract six miles distant from the land described in the mortgage to the bank. On its face, the Collins mortgage was manifestly irrelevant to the issues involved, and it is conceded so to be. But counsel contends in his brief that the oral evidence offered would connect the Collins mortgage with the

N. D. R.—33

issues, and make it relevant. We think otherwise. The oral evidence, as offered, in its utmost scope, could show only that the accused intended to mortgage the same crop as that described in the chattel mortgage to the bank; and that, by a mistake of the scrivener, another tract of land was in fact described, and that such mistake was not discovered by either the defendant or Collins until after the wheat in question was sold. The evidence offered would not tend to show that Collins ever consented to a sale of the wheat in question, or ever knew it was sold; nor to show that the bank people ever heard of the Collins mortgage. The mere fact that the Collins mortgage was a prior mortgage, and was intended to cover the same grain, can certainly have no bearing on the question of the defendant's guilt or innocence. There was no offer made to follow up the evidence offered by other evidence tending to show that Collins consented to the sale of the wheat in question. Counsel argues in this court that evidence could have been offered and introduced showing that Collins, as first mortgagee, did consent to a sale of the wheat in question, and that such evidence would be relevant as tending to show that the sale of the wheat by the accused was not "willful," nor made with a fraudulent purpose. This position is untenable. We are clear that the consent of a prior mortgagee to a sale of the property covered by a later mortgage would have no tendency whatever to show that such sale was not made "willfully," and without the consent of the holder of the later mortgage. The word "willfully," as used in section 6933, Comp. Laws, as we construe it, simply means intentionally. The sale, to be criminal, under the statute, cannot be a sale made by mistake; it must be an intentional sale, —*i. e.* a willful sale; but, in our judgment, the sale need not be shown to have been made with a fraudulent purpose. We can discover no such ingredient of the offense as it is described in the statute; and the terms used by the lawmakers seem to exclude such an element. There are many statutory offenses in which the element of a criminal intent or purpose does not enter, and we think the statute in question belongs in that class. *State* v. *Welch*,

21 Minn. 22; *State* v. *Stein,* (Minn.) 51 N. W. 474. In our judgment, to hold that the burden is upon the state to show a fraudulent purpose in addition to a willful sale would be to greatly impair the benefits sought by the statute. There is, in our judgment, little probability that injustice will result from the construction we have placed on the section, inasmuch as the punishment prescribed is so graduated that the trial court may mete out punishment in each case according to its aggravation or want of aggravation. While the punishment prescribed by the statute may be severe, it may also be merely nominal. But, as we have seen in the case at bar, the evidence offered did not go far enough to show, or tend to show, that the sale was not made for a fraudulent purpose, as well as willfully. It is not claimed even in argument that the defendant sold the wheat to procure funds to pay off the mortgage to the bank; nor do we wish to intimate an opinion that a sale for that purpose even would constitute a defense to the charge, however much it might mitigate the punishment.

Finding no error in the record, the judgment will be affirmed. All concur.