THE STATE OF KANSAS v. JOHN ROOK.

No. 11,467. (59 Pac. 653.)

1. CRIMINAL PROCEDURE—*Limitation of Action.* The statute of limitations as a defense to an information for crime need not be specially pleaded, nor is it to be tried in advance of the hearing of the main issue, and therefore matter in support of a plea of the statute of limitations may be given in evidence under the issue of not guilty.

2. ——— *Plea of Former Acquittal—"Jeopardy" Defined.* A defendant in a criminal case cannot be said to be in "jeopardy" so as to entitle him to plead a former acquittal or conviction to a subsequent trial for the same offense, unless he has been arraigned, or waived arraignment and pleaded not guilty, or had such plea entered for him; and, therefore, when a trial has been had without an arraignment of the accused, or a waiver of it by him, and without a plea of not guilty, or the entry of it for him, he cannot be said to have been in "jeopardy."

3. ——— *"Question Reserved by the State."* When a defendant in a criminal case has not been in "jeopardy," error of the court in ordering his discharge may be made "a question reserved by the state" under the statute (Gen. Stat. 1897, ch. 83, § 30; Gen. Stat. 1899, § 5529), and an appeal had to this court upon such reserved question.

4. ——— *Limitation of Action.* An information examined, and found to state a concealment by the defendant, so as to avoid the bar of the statute of limitations.

Appeal from Franklin district court; S. A. RIGGS, judge. Opinion filed January 6, 1900. Reversed.

*A. A. Godard*, attorney-general, *E. L. Branson*, county attorney, and *C. A. Smart*, for The State.

*A. H. Case*, and *C. B. Mason*, for appellee.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal by the state from an order quashing an information against the appellee, John Rook, for a felony, and upon a question reserved by the state upon an order sustaining the appellee's plea of the statute of limitations and discharging him from custody. On the 20th of March, 1899, the county attorney of Franklin county filed an information against the appellee for a burglary alleged to have been committed on the 26th day of February, 1896. As a reason for delaying the prosecution beyond the two-year period of limitation, the information contained the following averment :

" And I, said county attorney, give further information that a prosecution of the offense herein charged was commenced on the 7th day of March, A. D. 1896, and within two years after the commission of said offense, before George W. Batdorf, a justice of the peace in and for the township of Franklin in the county and state aforesaid, against this defendant, said defendant's name being at that time unknown, and the fact of defendant's name being unknown was stated in the complaint filed and warrant issued in the said prosecution ; that ever since the commission of the offense herein charged the defendant has continuously so concealed himself that process could not be served upon him."

To this information the appellee filed a motion to quash, for the reason that the offense charged was shown to have been committed without the statutory period for the commencement of the prosecution. At the same time he also filed a special plea of the two-

year statute of limitations. The motion to quash and the special plea were heard and considered together. No evidence in support of the plea, or in opposition to it, was introduced, but in argument to the court, and for the purpose of evidence to be considered in connection with the plea, the county attorney made the following statement:

"If the court will permit me to make a suggestion, I will just state frankly what we have got. We expect to show that this man was pursued about twenty-four hours after the stuff was taken and chased down in Linn county for a considerable distance; that he abandoned his team and wagon and the stolen property and took across the field to the woods, and so far as we know has never been seen since by any one that we know of until about the time of his arrest; that a warrant was placed in the hands of the officers at Topeka, who went to his residence, and were not able to find him until about the time of his arrest."

Following the quotation of this statement, the bill of exceptions contains the following recitals:

"Thereupon the court announced that the said facts if proven would not amount to a concealment, and that the court would so instruct the jury if the facts went to the jury, and the court held that under the facts stated by the state the action was barred; and further held that the motion to quash should be sustained and sustains the same, to which ruling and finding the state excepts, reserves the question and stands upon the information. The court thereupon orders the defendant discharged from custody, to which order the state excepts."

We have delayed the decision of this case to give consideration to a question involved in it, but which was not argued by counsel, and that is the effect of the appellee's discharge, after the trial by the court of his plea of the statutory bar, upon the right of the state to present and have determined the question

reserved by it, to wit, the claimed error of the discharge. While the statute (Gen. Stat. 1897, ch. 83, § 30; Gen. Stat. 1899, § 5529) gives to the state a right of appeal "upon a question reserved by the state," yet, what questions may be reserved by it, or what as a matter of specific definition "a question reserved by the state" is, have never been definitely settled. A uniform line of decisions has maintained the proposition that no error, however flagrant, committed by the court against the state can be reserved by it for decision by the supreme court when the defendant has once been placed in jeopardy and discharged, even though the discharge was the result of the error committed. This for the reason that the accused, having been once in jeopardy, cannot be retried, after reversal of the case, upon the state's appeal, and the questions presented, being therefore moot in their nature, will not be considered by the court. (*The State of Kansas v. Carmichael*, 3 Kan. 102.; *City of Olathe v. Adams*, 15 id. 391; *City of Oswego v. Belt*, 16 id. 480; *The State v. Crosby*, 17 id. 396; *Junction City v. Keeffe*, 40 id. 275, 19 Pac. 735; *The State v. Moon*, 45 id. 145, 25 Pac. 614; *The State v. Lee*, 49 id. 570, 31 Pac. 147.)

In *Junction City v. Keeffe*, supra, a very general statement of the meaning of the phrase "question reserved by the state" was made. It was there remarked: "We believe the phrase 'question reserved by the state' is any exception embodied in a bill of exceptions where a defendant has been discharged for any cause except upon a trial on the merits, and the two exceptions named, *supra*." The exceptions referred to are judgments for defendants quashing indictments or informations and orders arresting the judgment. For the purposes of this case, and also many others, the above

definition of a "question reserved by the state" is too general, in that it does not also define the meaning of the phrase "trial upon the merits." In the case under consideration, the appellee, by his plea of the statute of limitations, raised a question which, legally speaking, went to the merits of his case. Technically, it did not go to the question of his guilt or innocence, but it went to the merits of his claim of right to an acquittal or discharge. The plea of the statutory bar need not have been specially made by him. It could have been made as well under the plea of not guilty. While some of the cases countenance the making of pleas of statutory limitation as special defenses, and countenance trials upon them in advance of the hearing of the main issue, yet the general and better practice is to involve such pleas under the issue of not guilty. (1 Bish. New Cr. Proc. § 799; Whart. Cr. Pl. & Pr., 8th ed., § 317.) Such is the requirement of practice in this state. (*In re Stewart*, 60 Kan. 787, 57 Pac. 976.) In case the special plea of the statute of limitations has been heard in advance of the trial of the main issue and has been denied, the accused is not precluded from again relying on the same facts under the plea of not guilty. (*Thompson v. The State*, 54 Miss. 740.)

It would seem, therefore, that a question material to the defense — one that could have been properly involved under the general issue — had been submitted to decision, and upon it a finding had been made in appellee's favor, and his discharge had been ordered. It will be observed that the trial of this question was to the court without a jury, and also that it was upon an agreed statement of facts, or, what was equivalent thereto, a statement of facts by the county attorney, which, for the purposes of the legal question that was

to arise thereon, was accepted as correct.  Trials of misdemeanors upon agreed statements have several times been had in this state.  (*City of Olathe v. Adams, City of Oswego v. Belt,* and *The State v. Lee,* supra.)  As to whether a case of felony, such as the one under consideration, may be heard by the court without a jury, either upon evidence or agreed statement, we have no concern.  The defendant in this case is not before us raising the contention.

A fact material to a determination of the question whether the appellee has been in jeopardy, so as to prevent the consideration by us of the point reserved by the state, is now to be noticed.  The record nowhere shows that the appellee was arraigned, or that he waived arraignment and pleaded not guilty, or that he refused to plead and had the plea of not guilty entered for him.  This fact, we think, makes this case an exception to those heretofore decided.  Cases of felony are uniformly triable to a jury, and, therefore, decisions as to the point of time in the progress of the case at which what is called "jeopardy" attaches have relation to other circumstances evidencing jeopardy than those in the case before us.  Some of the cases hold that jeopardy begins when the jury is sworn to try the case, others that it begins when the jury is "charged," that is, when the jury, as was formerly the practice, was preliminarily informed of the charge against the prisoner.  None of these is applicable, because, in this case, there was no jury, and therefore no swearing or "charging" them.  We are not, however, without authority on the question.  In the case of *Weaver v. The State,* 83 Ind. 289, 4 Crim. Law Mag. 27, it was held that until a defendant entered his plea of not guilty, or upon his refusal to plead it had been entered for him, he could not be regarded as in jeop-

ardy. In this case the court, quoting from Bishop's Criminal Law (vol. 1, 5th ed., § 1020), said :

" 'Not only must the tribunal be made complete by the impaneling of the jury, as already explained, in order to produce the legal jeopardy of which we are treating ; but all other preliminary things of record necessary to sustain the verdict of guilty, if rendered, must be done.' Under the criminal code of this state, the preliminary things necessary to sustain the verdict of guilty, if rendered, which ought to appear of record, are the arraignment of the defendant and the entry of his plea to the indictment. These preliminary things did not appear of record in this case at the time of the first impanelment and swearing of the jury to try the cause, and, therefore, it would seem that the appellant was not put in legal jeopardy thereby."

It is true that defendants even in cases of felony may waive formal arraignment, and it is perhaps true that an accused person submitting to trial without arraignment will be deemed to have waived it, but the calling upon the defendant to plead, and his plea, made by himself or entered for him, would seem to be a necessity. " The right of arraignment on a criminal trial may, in some cases, be waived, but a plea is always essential. The court cannot supply an issue after verdict, where there has been no plea, notwithstanding that the defendant consented to go to trial." (Whart. Cr. Pl. & Pr., 8th ed., § 409.) In *Newsom v. The State of Georgia*, 2 Kelley (Ga.) 60, it was ruled that " a case is submitted when the prisoner has been arraigned— the plea of not guilty filed — and the jury impaneled and sworn." In *Douglass v. The State of Wisconsin*, 3 Wis. 715, it was ruled :

"An arraignment may, in minor offenses be waived by the defendant, but a plea is necessary to form an issue. An issue in a criminal case, cannot be sup

plied so as to correspond with the verdict where there has no issue been joined.  A verdict in a criminal case where there has been neither arraignment or plea, is a nullity, and no judgment can be rendered thereon.'' ( See, also, *Davis v. The State*, 38 Wis. 487.)

The appellee not having been in jeopardy, we are not precluded from an examination of the claims of error made upon the appeal by the state.  As to whether the matters stated by the county attorney in avoidance of the appellee's plea of the statute of limitations would be sufficient to evidence a concealment, and therefore to take the case out of the statute, it will not be necessary to express an opinion, nor indeed should it be done by us.

The motion to quash the information was, we think, improperly sustained.  The information stated in sufficient language one of the exceptions to the running of the statute of limitations.  The statute reads :

'' If any person who has committed an offense is absent from the state, or so conceals himself that process cannot be served upon him, or conceals the fact of the crime, the time of absence or concealment is not to be included in computing the period of limitations.''  (Gen. Stat. 1897, ch. 102, § 33 ; Gen. Stat. 1899, § 5281.)

The information alleged in positive terms '' that ever since the commission of the offense herein charged, the defendant has continuously so concealed himself that process could not be served upon him.''  Whether in cases of concealment it is necessary to institute a prosecution within the statutory period of two years — that is, whether it is necessary within that time to file a complaint and procure the issuance of a warrant — may be doubted.  The counsel for the state has argued the case as though such might be a requisite, and possibly some of the language of the opinion in *In re*

*Clyne, Petitioner*, 52 Kan. 441, 35 Pac. 23, may lend countenance to such view. However, if such meaning was intended the soundness of that case in that respect may be questioned. Be this as it may, the information in this case avers that a prosecution was instituted within the necessary time by the filing of a complaint and the issuance of a warrant. The language of the information as to the appellee concealing himself is fully as specific as the language of the statute declaring the exception, and this is certainly sufficient. A similar information under a similar statute was held good in *Ulmer v. The State*, 14 Ind. 52.

In our judgment, the court erred in quashing the information and in discharging the defendant. The case will therefore be reversed, with directions for proceedings in the court below in accordance with this opinion.