## MOOD *v.* STATE OF INDIANA.

[No. 24,422. Filed February 28, 1924.]

1. CRIMINAL LAW.—*Former Jeopardy.—Burden of Proof.*— Upon a plea of former acquittal or conviction the burden of proof is on the defendant to show the identity of the offense which must be identically the same as the one for which he was formerly prosecuted. pp. 360, 362.

2. CRIMINAL LAW.—*Former Jeopardy.—Sufficiency of Showing.* —It is not a sufficient showing of a former conviction or acquittal to constitute a bar to a second prosecution, to plead former jeopardy, and produce a record showing it, but the accused must show, by evidence *aliunde,* the identity of the offenses. p. 361.

3. CRIMINAL LAW.—*Former Jeopardy.—Identity of Offenses.*— Where a defendant is charged with selling liquor to a named person on March 1, 1922, and pleads a former indictment for the sale of liquor to the same person on January 1, 1922, and submits in proof thereof merely the record of the court including the former indictment, the plea, the evidence of the state and the *nolle prosequi* by the prosecuting attorney, the identity of the offenses is not sufficiently proved to constitute a bar under Art. 1, §14, Constitution. pp. 361, 362.

4. CRIMINAL LAW.—*Former Jeopardy.—Nolle Prosequi.—Consent Presumed.*—When a defendant is charged with a misdemeanor and is present in court and represented by counsel, a *nolle prosequi* entered by the prosecuting attorney at the close of the state's evidence, must be presumed to be with the consent of the defendant, in the absence of any objection, and such dismissal will not operate as a bar to a subsequent prosecution. p. 363.

5. CRIMINAL LAW.—*Former Jeopardy.*—*Quantum of Proof under Oral Plea.*—To sustain the issue of former jeopardy under an oral plea of not guilty, a defendant must prove the same facts he would have been required to plead under a written plea of former jeopardy. p. 363.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Walter Mood was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*Lindley & Bedwell,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This was a prosecution by indictment against the appellant, Walter Mood. The indictment, omitting the caption, signature, and jurat, reads as follows:

"The Grand Jury of Sullivan County, State of Indiana good and lawful men, duly and legally empanelled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said County of Sullivan, in the name and by the authority of the State of Indiana, on their oath present that one Walter Mood, late of said county, on or about the 1st day of March, A. D. 1922, at said county and state aforesaid, did then and there unlawfully sell, barter, exchange, give away, furnish and dispose of one quart of intoxicating liquor to Ralph Robinson, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The appellant entered a plea of not guilty and a trial by jury resulted in a verdict of guilty. After a motion for a new trial had been made and overruled the court entered judgment upon the verdict and from such judgment this appeal is taken.

Error is assigned upon the overruling of the motion

for a new trial.   Upon the trial of the cause the defendant introduced evidence upon the question of former jeopardy, and in his brief, under points and authorities, the only question discussed is former jeopardy, and in such brief he asserts, "that the sole contention of the defendant is that the verdict of the jury is contrary to law for the reason that the record and evidence show, without conflict, that the defendant in the cause now appealed was convicted after he had been discharged after a trial for the same offense."

After the State had introduced its evidence and rested the defendant offered in evidence a copy of an indictment against Walter Mood, in cause No. 6925 of the Sullivan Circuit Court, and same is read in evidence and is as follows:

"No. 6925 Sullivan Circuit Court, 24th Day of Feb. Term, 1922.   Comes now the Grand Jury for the Term aforesaid, and present in open court the following indictment, to wit:

State of Indiana

vs                           Sullivan Circuit Court
Walter Mood                  Feb. Term A. D. 1922.

"Indictment for unlawful sale of intoxicating liquor.

"The Grand Jury of Sullivan County, in the State of Indiana, good and lawful men, duly and legally impanelled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of the said County of Sullivan in the name and by the authority of the State of Indiana, on their oath present that one Walter Mood, late of said County on or about the 1st day of January, A. D. 1922, at said county and State, aforesaid, did then and there unlawfully, sell, barter, exchange, give away, furnish and dispose of one quart of intoxicating liquor, to wit whiskey, to Ralph Robinson contrary to the form of the Statute in such cases

made and provided, and against the peace and dignity of the State of Indiana."

And the defendant then offered in evidence a record in a case wherein the State of Indiana is plaintiff and Walter Mood is defendant, cause No. 6925, and the same is now read in evidence as follows:

"State of Indiana          No. 6925.

      vs            Unlawful sale of

Walter Mood          Intoxicating liquor.

"Comes now the State of Indiana by her attorney, Norval K. Harris, and comes also the defendant herein by attorneys, Lindley & Bedwell, and in his own proper person, into open court, and defendant waives arraignment and pleads not guilty to the charge set forth in the affidavit heretofore filed.

"And this cause being now at issue the same is submitted to the court for trial, finding and judgment, without the intervention of a jury. And at the close of plaintiff's evidence, Prosecuting Attorney, Norval K. Harris, filed written *nolle prosequi,* which written *nolle prosequi* is in words and figures as follows, to wit: (here insert) and this cause is dismissed for reasons therein given and defendant discharged.

"It is therefore ordered, adjudged and decreed by the Court, that this cause be, and the same is hereby dismissed and that defendant Walter Mood go hence without day."

The Constitution of Indiana provides, that, no person shall be put in jeopardy twice for the same offense. Art. 1, §14 Constitution (§59 Burns 1914).

In a plea of former acquittal or conviction the burden of proof is on the defendant to show the identity of the offense. *Cooper* v. *State* (1874), 47 Ind. 1. 61; *Jenkins* v. *State* (1881), 78 Ind. 133; *Harlan* v. *State* (1921), 190 Ind. 322; *Emerson* v. *State* (1884), 43 Ark. 372. And the proof must show that

it was identically the same offense as the one for which he was then prosecuted. *Small* v. *State* (1860), 31 Mo. 197; *State* v. *Wister* (1876), 62 Mo. 592.

In order that a former conviction shall constitute a bar to a second prosecution, a mere plea thereof, and the production of the record showing it, are not sufficient, but the accused must show, by evidence *aliunde*, the identity of the offense with the one charged in the indictment to which the plea is interposed. *Rocco* v. *State* (1859), 37 Miss. 357; *People* v. *Gault* (1895), 104 Mich. 575, 62 N. W. 724; *Faulk* v. *State* (1875), 52 Ala. 415; *Territory* v. *West* (1908), 14 N. Mex. 546, 99 Pac. 343; *Daniels* v. *State* (1885), 78 Ga. 98, 6 Am. St. 238; *State* v. *Bronkol* (1896), 5 N. D. 507, 67 N. W. 680; 3 Greenleaf, Evidence (14th Ed.) §36; Underhill, Crim. Evidence §197.

It has also been held that where a defendant has been put on trial before a competent jury or before the court and a *nolle prosequi* is afterward entered without his consent he cannot be again put upon trial for the same offense. *Hensley* v. *State* (1886), 107 Ind. 587; *Kingen* v. *State* (1874), 46 Ind. 132; *Boswell* v. *State* (1887), 111 Ind. 47, 11 N. E. 788; *Gillespie* v. *State* (1907), 168 Ind. 298; *State* v. *Reed* (1907), 168 Ind. 588.

In *Hensley* v. *State, supra,* it was held that in pleading former jeopardy it is not sufficient to show that a jeopardy once attached to the defendant, but it must also be shown that it was not waived by him by any act or discharged by operation of law.

In *Kingen* v. *State, supra,* it was held that where a defendant was put upon trial before a jury she was put in jeopardy and was entitled to have a verdict at their hands and the discharge of one of such jurors by the court on finding that he was not a freeholder or householder, without the consent of the defendant would have

been equivalent to the acquittal of the defendant, and such defendant could not again have been put on trial for the same offense.  But the defendant being in court in person and by counsel, at the time such juror was discharged and neither excepting nor objecting, such discharge must be held to have been with the consent of the defendant, and subsequently putting the defendant on trial for the same offense was not error.  In that case the court also said:  "Under the numerous decisions of this court, both in civil and criminal cases, based upon the statutes regulating the practice, we think it well established that whatever is done by the court without objection of the parties, they having an opportunity to object, must be deemed to have been done with their consent.  The defendant clearly waived any objection to the discharge of the juror by failing to object or except thereto, and by her silence in this respect she must be deemed to have consented."

On the plea of former jeopardy the burden is upon the defendant to prove all the necessary facts upon which he relies and the plea of former jeopardy

1. consists of two matters.  First, matter of record, to wit:  Former indictment and conviction; second, matter of fact, to wit:  Identity of person convicted and of the offense with which he was charged.

In this case the defendant was indicted and tried for the sale of intoxicating liquor to one Ralph Robinson on March 1, 1922.  Another indictment in-

3. troduced by the defendant in support of the defense of former jeopardy was for the sale of intoxicating liquor upon January 1, 1922.  It thus appears from the indictments that the offenses charged were not the same.  Two sales were specifically charged.

Again it appears from the record introduced by the appellant that he was not acquitted of the charge of

selling intoxicating liquor to Ralph Robinson on January 1, 1922, but that after the state had introduced some evidence, the defendant being in court in person and by his attorneys, the prosecuting attorney entered a *nolle prosequi* in such case. This must be presumed to have been done with the consent of the defendant. It is clear that it cannot be said that it was done over his objection.

No written plea of former jeopardy was filed by the defendant. He had a right under the statute to prove former jeopardy under a plea of not guilty but in order to successfully sustain that issue he must prove the same facts which he would have been required to plead had he filed a written plea of former jeopardy.

The evidence was not sufficient to sustain the defense of former jeopardy. *Harlan* v. *State, supra.*

Judgment affirmed.