O. M. SEARS, *Plaintiff in Error,* v. THE STATE OF FLORIDA,
*Defendant in Error.*

En Banc.

Opinion Filed June 5, 1925.

1. Where the record discloses that after a jury had been em-
   panelled and several questions of a preliminary nature pro-
   pounded and replied to by the first witness on behalf of the

State, the court's attention was called to the omission to arraign the defendant, it was not error to suspend further proceedings, arraign the defendant and put him on trial, no legal jeopardy having attached.

2. Where, after a jury has been empannelled in a criminal case, it appears that there has been an omission, due to oversight, to arraign the defendant, it is not error to then arraign him and proceed with the trial.

3. Evidence examined and found sufficient to sustain the verdict.

A writ of error to the Circuit Court for Lafayette County, M. F. Horne, Judge.

Affirmed.

*W. P. Chavous* and *J. M. McKinney,* for Plaintiff in Error.

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, C. J.—The indictment in this case charges aggravated assault. The verdict returned was guilty of assault and battery. Writ or error was taken from this court to review the judgment imposed.

The record discloses that a jury was chosen and sworn "to try the issues in said cause;" that a witness on behalf of the State was called and replied to certain preliminary questions propounded by the State Attorney, after which objection was interposed on behalf of the defendant to any further examination of the witness on the ground that defendant had never been arraigned. Thereupon, on motion defendant was arraigned and entered a plea of not guilty. To this action the defendant objected and noted an exception. The State then announced ready for

trial, but the defendant objected on the ground that he had been once in jeopardy for said offense and should not again be placed on trial upon the charge contained in the indictment. To an adverse ruling an exception was reserved by defendant. The State tendered the same jury and defendant then claimed the right to peremptorily challenge some of them, which he was allowed to do, and others were called. After exhausting his challenges the State again tendered and the defendant accepted the jury. The trial then proceeded with the result stated.

When the court's attention was called, as appears from the record, to the omission, due to oversight, to arraign the defendant, it was proper to then arraign him and proceed with the trial. Prior to arraignment there was no legal jeopardy, and what was done, as shown by this record, was no more than the court's duty in order that a valid judgment could be entered upon the verdict. United States v. Aurandt, 15 N. M. 292, 107 Pac. Rep. 1064, 27 L. R. A. (N. S.) 1181; United States v. Riley, 5 Blatchford 204; State v. Horine, 70 Kan. 256, 78 Pac. Rep. 411; State v. Rook, 61 Kan. 382, 59 Pac. Rep. 653; Browning v. State, 54 Neb. 203, 74 N. W. Rep. 631; Mays v. State, 50 Tex. Crim. 165, 96 S. W. Rep. 329; Disney v. Commonwealth, 9 Ky. L. 413, 5 S. W. Rep. 360; State v. Heard, 49 La. Ann. 375, 21 South. Rep. 632.

The only other assignment insisted upon is that there was error in overruling defendant's motion for a new trial. The ground of this motion is that the verdict is not supported by the evidence. It is unnecessary to say more than that the evidence is ample to sustain the verdict finding defendant guilty of assault and battery. So the judgment is affirmed.

Affirmed.

WHITFIELD, ELLIS & TERRELL, J. J., concur.