State *ex rel.* Frank J. Ryan v. Hon. A. D. McNeill, Judge Circuit Court, Fourth Judicial Circuit, Clay County.

193 So. 67

Opinion Filed January 9, 1940

*Zewadski & Pierce,* for Relator;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Respondent.

Terrell, C. J.—Relator was informed against for violating the Florida Securities Act, the information being in three counts based on a single transaction. A motion to quash was sustained as to two counts, a motion for continuance was denied, and the case was called for trial on the third count. Each juror was questioned at length with reference to facts necessary for acquittal and conviction and the information was read to him. The State exercised four peremptory challenges and the defendant exercised two. The panel was completed, accepted, and sworn. The State attorney explained the case, related the facts relied on for conviction, and read the information to the panel.

At this period in the trial before beginning to take evidence, the State attorney moved to discharge the jury on the sole ground that the defendant had not been arraigned nor pleaded to the information. Defendant's counsel did not resist the motion but stated that he did not waive any right he had. He excepted to the discharge. The State attorney then had defendant arraigned, to which he ob-

jected but his objection was overruled and date for new trial was set for the following day. Defendant filed plea of former jeopardy, alleging that the discharge of the jury amounted to his acquittal and the new trial would constitute second jeopardy. A demurrer to this plea was sustained.

On these facts, petition for writ of prohibition was filed in this Court and a rule *nisi* was issued. Respondent has moved to discharge the rule *nisi*. The only question necessary to answer is whether or not the plea of second jeopardy was well grounded.

In our view, the question was answered in the affirmative by this Court in Padgett v. State, 117 Fla. 75, 157 So. 186, and State *ex rel.* Dato, *et al.*, v. Himes, 134 Fla. 675, 184 So. 244; Allen v. State, 52 Fla. 1, 41 So. 593.

So the rule absolute in prohibition must be and is hereby issued.

It is so ordered.

BROWN, BUFORD and CHAPMAN, J. J., concur.

WHITFIELD and THOMAS, J. J., dissent.

WHITFIELD, J. (dissenting).—In State *ex rel.* v. Himes, Judge, 134 Fla. 675, 184 So. 244, there would have been second jeopardy if another trial had occurred because a prosecution for the same offense had been abandoned in the midst of a trial before another judge and a jury duly sworn and empanelled to try the issue made upon arraignment and pleas as duly shown in the record of the case.

The first headnote in the Himes case is a quotation in the opinion taken from Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am. St. 188, 10 Ann. Cas. 1085. Such headnote presupposes an arraignment and plea before the jury was empanelled and sworn. In each of those cases the defendant

was arraigned and plea made before the jury was em-panelled and sworn, as shown in the opinion in the Allen case and in the record in the Himes case.

When the jury was discharged in this case there had been no arraignment of the defendant on the information and no plea to the indictment, so there was no issue to be tried by the jury and consequently the defendant was not put in jeopardy before the jury was discharged in this case. See Sears v. State, 89 Fla. 490, 104 So. 857; McLeod v. State, 128 Fla. 35, 40, 174 So. 466; U. S. v. Riley, 5 Blatchf. 204; Green v. State, 28 A. L. R. 842, headnote 5; 16 C. J. 236-243-4; Colleys Const. Lim. (8th Ed.), p. 687, col. 2.

Where the defendant merely announces by counsel that he is ready for trial on a legal indictment charging a felony and, after being sworn to try the case, the jury is discharged because there had been no arraignment or plea of the defendant, the defendant had not been put in jeopardy, as there was no issue joined to be tried. Sears v. State, 89 Fla. 490, 104 So. 857; McLeod v. State, 128 Fla. 35, 174 So. 466.

There being no plea, the defendants mere announcement by counsel that he was ready for trial did not waive a plea or make an issue on the indictment so as to put the de-fendant in jeopardy by the mere swearing of the jury to try the case, or to bar a trial in due course of law. See 14 Am. Jur., pp. 941-2-3; U. S. v. Aurandt, 15 N. M. 292, 107 Pac. 1064, 27 L. R. A. (N. S.) 1181; U. S. v. Riley, 5 Blatchf. 204; 16 C. J. 243-4; State v. Bronkol, 5 N. D. 507, 67 N. W. 680; State v. Rook, 61 Kan. 382, 59 Pac. 653, 49 L. R. A. 186; 1 Wharton Crim. Law (12th Ed.), Sec. 397, p. 565; Dixon v. State, 13 Fla. 631, 636; Levato v. New Mexico, 242 U. S. 199.

In Padgett v. State, 117 Fla. 75, 157 So. 186, the de-

fendant defended through the trial without a plea being entered and no question of former jeopardy was involved.

THOMAS, J., concurs.