ALLEN, Acting Chief Judge.
The appellant, State of Florida, has appealed pursuant to Fla.Stat. 924.07, F.S.A. a final order of the trial court quashing appellant’s information.
Appellees were separately charged by information with the crime of grand larceny. Subsequent to filing the informations, the cases were consolidated for trial and March 13, 1967, was designated as the trial date. The parties to this appeal submitted a stipulation of facts which is now a part of the record-on-appeal. The stipulation sets forth the occurrences in the trial court which are now the subject of this appeal, and for that reason we hereby adopt the stipulation and reproduce its pertinent parts as follows:
“1. That the two * * * causes have been consolidated for trial.
“2. That the State of Florida was present and represented by the * * * Assistant State Attorney and the Defendant Robert L. Williams was likewise present in the courtroom with his Attorney, Clyde H. Wilson, Sr., together with the defendant, Raymond W. Lanier, with his attorney, Walter R. Talley.
“3. That the State of Florida and the defendants advised the court that they were ready for trial.
“4. That a Jury was duly selected, empaneled and sworn.
“5. That the Defendant requested that the Rule be invoked whereby all of the State’s witnesses were duly sworn and advised by the Court of the meaning of invoking of the Rule.
“6. That the State of Florida proceeded to make an opening statement by which the information was read to the Jury in the presence of the Defendants and the Defendants’ Attorneys.
“7. That the first witness on behalf of the State was called to the witness stand but that prior to any testimony being given, by said witness, it was suggested by the Attorney for the State of Florida that the Defendants had not been arraigned nor a plea made whereby the Court declared a brief recess during which to determine whether the records reflected whether the defendants had been arraigned or not.
“8. That there was no record in the Court Minutes or other Court records of the arraignment or plea of the Defendants.
“9. That the State of Florida requested the Court to direct the Clerk to enter in the minutes a waiver of arraignment and a formal entry of a plea of not guilty.
*673 “10. That subsequently thereto, Clyde H. Wilson, Sr. on behalf of the defendant, Robert L. Williams joined in by-Walter R. Talley, Attorney for the Defendant, Raymond W. Lanier, filed a verbal motion to dismiss the proceedings and also a verbal motion to Suppress Evidence, and a verbal motion objecting to going along or proceeding with the State’s case.
“11. The State, following the Court’s granting of Defendants Motion filed a verbal Motion for reinstatement and tendered the jury to proceed with the trial.
“12. That both parties agree that the transcript of the proceedings take.n in the above styled cause on March 13, 1967, by the Deputy Official Court Reporter William C. Moseley is a true transcript of the Motions and Orders filed in this cause, except that it does not show that the Court subsequently and following the denial of the State’s Motion for reinstatement discharged the jury without the express consent of either State or Defendants.”
The question which we deem determinative of this appeal is raised by appellant’s third point. That point is:
Did jeopardy attach in the March 13, 1967, Proceeding and Did the Trial Court properly grant the defendants’ motion to quash on the grounds of double jeopardy?
We think that jeopardy did attach during the March 13, 1967, proceeding, and thus, the court quite properly granted appel-lees’ motion to quash the information on the grounds of double jeopardy.
In Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am.St.Rep. 188, 10 Ann.Cas. 1085 (1906), the defendant, charged with forgery, had been arraigned and had entered a plea of not guilty. The jury was thereupon empaneled and sworn. Counsel for the defendant, at this juncture of the trial, informed the court that a witness, who was to testify for both the State and defense, was absent from the courtroom and moved for time to get the witness. Immediately thereafter, the County Solicitor moved the court to discharge the jury from further consideration of the case and to continue the case to a later date. The court granted the motion and the jury was discharged. When the cause was again called for trial, the defendant withdrew his plea of not guilty and interposed a plea of former jeopardy. A demurrer interposed by the State was sustained by the trial court and the defendant was tried and convicted by another jury. On appeal the Supreme Court of Florida reversed the conviction and said:
“ * * * The discharge of the former jury who had been charged with the defendant’s case upon the arbitrary motion of the State’s Solicitor without any necessity or legal reason therefor, and without the consent of the defendant, amounted to an acquittal of the defendant, and his plea of former jeopardy should have been sustained, the State’s demurrer thereto overruled, and the defendant discharged without delay. It is true that the defendant had asked the court for time to procure the attendance of an absent witness, who resided a few miles from the court, but he did not ask for a continuance of the cause or for a discharge of the jury, and an arbitrary discharge of the jury under these circumstances without his consent amounted to his acquittal. His silence or failure to object or protest against the discharge of the jury did not constitute a consent or a waiver of his constitutional right. State v. Richardson, 47 S.C. 166, 25 S.E.R. 220, 35 L.R.A. 238. The power of the court to discharge a jury who have been sworn in chief before verdict should be exercised only in case of a manifest, urgent, or absolute necessity. If the jury are discharged for a reason legally insufficient and without an absolute necessity for it, and without the defendant’s consent, the discharge is equivalent to an acquittal, and may be pleaded as a *674 bar to any further trial or to any subsequent indictment. * * *”
In the case sub judice the jury was empaneled and sworn; the State Attorney pointed out to the trial court that appellees had not been arraigned and had not entered a plea; and the trial court, on its own motion, discharged the jury without the express consent of either the State or of ap-pellees. From the foregoing, we find that there was not sufficient reason to discharge the empaneled and sworn jury, and thus, jeopardy did attach.
This court in the recent case of State ex rel. D’Andrea v. Smith, Fla.App.1966, 183 So.2d 34, held that a defendant who had been acquitted by a jury could not be retried for the same offense on the basis of affidavits and testimony improperly received to impeach the verdict since to do so would constitute double jeopardy. In so holding we quoted from State ex rel. Williams v. Grayson, Fla. 1956, 90 So.2d 710, 63 A.L.R.2d 777, wherein the Florida Supreme Court said:
“The protection of an accused against being twice put in jeopardy for the same offense is a right guaranteed by Section 12, Declaration of Rights, Florida Constitution, F.S.A. The constitutional provision is merely a recognition of a common law principle which is an inherent part of our system of justice in the enforcement of the criminal law. While to some the position of the petitioners in this matter may appear to be highly technical, it is nonetheless legally sound under our own precedents. In so holding we believe our position to be consistent with the overwhelming weight of authority on the subject. A person is placed in jeopardy when he is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction and a jury has been impaneled and sworn and charged with his deliverance. Allen v. State, 52 Fla. 1, 41 So. 593. When this point in the trial has been reached, the trial judge should exercise the power to discharge the jury only in cases of manifestly urgent and absolute necessity. If the jury is discharged for legally insufficient reasons and without an absolute necessity and without the defendant’s consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. Illustrative of the urgent or necessary reasons that would justify the discharge of the jury at the stage of the trial mentioned would be: (a) the illness of the judge, the accused, or a juror requiring the absence of any of them from the court, or (b) the inability of the jury to agree on a verdict after due and proper deliberation, or (c) a consent of the accused himself.”
In the case presently before us the court discharged the jury on its own motion. The discharge, for none of the legally sufficient reasons quoted in the Grayson case, supra, amounted to an acquittal. Thus, the motion to quash the information on the grounds of double jeopardy was properly entered. See also State ex rel. Ryan v. McNeill, 141 Fla. 304, 193 So. 67 (1940).
The remaining issues and arguments raised by appellant have been carefully considered and rejected by this court in that we find them to be without merit.
The judgment quashing the information is affirmed.
Affirmed.
SHANNON and HOBSON, JJ, concur.