209 So.2d 873 (1968)
STATE of Florida ex rel. W.V. HAND, Relator,
v.
The Honorable A.H. LANE, As Circuit Judge of the Tenth Judicial Circuit of the State of Florida, Respondent.
No. 68-46.
District Court of Appeal of Florida. Second District.
May 1, 1968.
John C. Dent, Jr., of Law Offices of Dick Lee, Sarasota, for relator.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for respondent.
PIERCE, Judge.
This is an original proceeding filed in this Court, pending now upon application of W.V. Hand, relator herein, for issuance of rule absolute in prohibition.
Relator Hand was charged in a criminal information with larceny of a cow, and on April 25, 1967, the case was called for trial before Judge A.H. Lane of the Hardee County Circuit Court. At that time, both the State and defendant announced ready for trial and proceeded to select and impanel a jury, which was then and there sworn to try the issues. There then ensued a discussion between counsel and the Court with reference to the time allotted for trial of the case. It seems that other cases had *874 been previously set for trial during every day the balance of the week. Defendant's counsel indicated he doubted that the case could be tried in one day because of his "some ten to twelve witnesses." Further colloquy ensued, both in the courtroom and in the Judge's chambers, and finally the Court announced the case was "continued until further notice", the Judge observing that "It's going to have to be reset. I presume now it will go over to the Spring term."
Later, there was some discussion as to whether the word "mistrial" was used, but such is really academic because, unquestionably from the record as we read it, the jury was officially discharged after first being sworn to try the case. In any event, it was understood by all parties, and the Court so stated, that if prohibition proceedings to preclude a further trial were not successful, the case would be reset for trial at the next term of Court.
At no time did defendant Hand or his counsel ever consent to discharge of the jury. The mere fact that defense counsel indicated they had several witnesses waiting to testify is not equivalent to consent to such discharge, nor in fact would it be a valid reason therefor. Several alternatives could have been utilized by the Court which would have enabled defendant to use his full complement of witnesses, without resorting to the drastic measure of summarily discharging the previously sworn jury upon nobody's motion. The most obvious one, of course, was to have proceeded with trial of the Hand case, whether it took one day or one week or one month to finish, and let the subsequent cases await their turn for trial. Or the other cases could have been continued until the "Spring term." Of course, a pre-trial conference, which is becoming more popular in criminal cases at the trial level, could in the beginning have determined the approximate time the trial would consume; and when the cases were set for trial at the beginning of that term the probable length of trial could have been taken into consideration.
We are impelled to the view that the discharge by the Court of the previously sworn jury, under the circumstances delineated, was fatal to the right of the State to again try the defendant. The law on the point has been building up in this State since 1906 when the Supreme Court decided Allen v. State, 52 Fla. 1, 41 So. 593. The rule was stated, and the cases therein collected, in the recent case of Reyes v. Kelly, Fla.App. 1967, 204 So.2d 534, wherein this Court held that 
"* * * where the jury is discharged for a legally sufficient reason such as `(a) the illness of the Judge, the accused, or a juror requiring the absence of any of them from the court, or (b) the inability of the jury to agree on a verdict after due and proper deliberation, or (c) the consent of the accused himself', there is no jeopardy, or if technical jeopardy attached by the previous swearing of the jury it becomes extinguished, insofar as it precludes a subsequent trial. State ex rel. Williams v. Grayson, Fla. 1956, 90 So.2d 710, 63 A.L.R.2d 777.
In those instances, however, where a previously impanelled and sworn jury is discharged before verdict for any reason not legally sufficient and without an absolute necessity and without the defendant's consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. State ex rel. Williams v. Grayson, supra. See also Raines v. State, Fla. 1953, 65 So.2d 558; Allen v. State, 1906, 52 Fla. 1, 41 So. 593; State ex rel. Dato v. Himes, 1938, 134 Fla. 675, 184 So. 244; State ex rel. Alcala v. Grayson, supra [156 Fla. 435, 23 So.2d 484]." [Emphasis in text.]
One reported case not cited in Reyes is that of State ex rel. Ryan v. McNeill, Judge, Fla. 1940, 193 So. 67, which is perhaps more factually analogous to the instant case than any of the cases cited. In Ryan the absolute rule in prohibition was issued, and the opinion of Justice Terrell concisely states *875 the facts there involved and the holding of the Court. We quote:
"Relator was informed against for violating [a criminal statute], the information being in three counts based on a single transaction. A motion to quash was sustained as to two counts, a motion for continuance was denied, and the case was called for trial on the third count. Each juror was questioned at length with reference to facts necessary for acquittal and conviction and the information was read to him. The State exercised four peremptory challenges and the defendant exercised two. The panel was completed, accepted, and sworn. The State Attorney explained the case, related the facts relied on for conviction, and read the information to the panel.
At this period in the trial before beginning to take evidence, the State Attorney moved to discharge the jury on the sole ground that the defendant had not been arraigned nor pleaded to the information. Defendant's counsel did not resist the motion but stated that he did not waive any right he had. He excepted to the discharge. The State Attorney then had defendant arraigned, to which he objected but his objection was overruled and date for new trial was set for the following day. Defendant filed plea of former jeopardy, alleging that the discharge of the jury amounted to his acquittal and the new trial would constitute second jeopardy. A demurrer to this plea was sustained.
On these facts, petition for writ of prohibition was filed in this Court and a rule nisi was issued. Respondent has moved to discharge the rule nisi. The only question necessary to answer is whether or not the plea of second jeopardy was well grounded.
In our view, the question was answered in the affirmative by this Court in Padgett v. State, 117 Fla. 75, 157 So. 186;
State ex rel. Dato et al v. Himes, 134 Fla. 675, 184 So. 244; Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am.St.Rep. 188, 10 Ann. Cas. 1085.
So the rule absolute in prohibition must be and is hereby issued."
It will be observed that in both the Ryan case and the instant case the jury had been selected and sworn to try the issues, but no testimony had been adduced. The fact that in Ryan the State Attorney moved for a discharge of the jury while here the Court, apparently of its own motion, ordered the discharge, is without relevance. The fatal ingredient, namely, the judicial act of ordering the discharge of the previously sworn jury for no sufficient legal reason and without the consent of the defendant, is common in both.
The State cites here the case of Adkins v. Smith, Judge, Fla. 1967, 205 So.2d 530, but we do not think that case controls the present situation, or that it materially changes or dilutes the rule aforesaid, which was announced in 1906 in Allen and adhered to through 1967 in Reyes.
In the first place, the 4th District Court of Appeal in the Adkins case (197 So.2d 865) had grounded its decision that the discharge of the jury in the trial Court was not former jeopardy upon the proposition that defendant Adkins through her counsel had consented to such discharge. The Supreme Court, at the outset of its opinion, upheld both lower Courts on that point, holding "that the conduct of petitioner [in consenting to the discharge] was sufficient to preclude petitioner from raising the defense of double jeopardy in any subsequent prosecution." This was sufficient for determination of review. The Supreme Court did go further in Adkins and discuss the question of discharge on the merits, under the facts there existing. It is unnecessary here to discuss this portion of the opinion. Suffice to say that it appears the Supreme Court was of the view that, if the action of the trial Court in discharging the jury is necessary to protect the rights of the defendant to a fair trial, or the rights of both the defendant and the state to *876 a fair trial, the discharge does not amount to former jeopardy.
In the case sub judice it is unquestionably true that defendant was not prejudiced by the jury's discharge, but that is not the point. The crucial and determinative point is that it was not necessary that the jury be discharged in order to protect the defendant in presenting fully the testimony of all his witnesses. We have hereinbefore alluded to some permissible avenues of procedure and there are others.
It is therefore our holding that the sworn jury here was discharged before verdict without consent of defendant for a reason not legally necessary. Such being the case, the discharge constituted former jeopardy. Under several of the decisions aforesaid prohibition is an appropriate remedy. It follows therefore that the rule absolute in prohibition should be issued.
So ordered.
ALLEN, Acting C.J., and HOBSON, J., concur.