STATE, *ex rel.* AL DATO, D. ALFONSO CONIGLIO, LUIS PITISCI, ARSENIO CARROLL, and MARIO PULLARA, v. JOHN R. HIMES, as Judge, Criminal Court of Record, Hillsborough County.

184 So. 648.

Opinion Filed November 28, 1938.

Rehearing Denied November 28, 1938.

*Leroy Allen* and *Whitaker Brothers,* for Relators;

*George Couper Gibbs,* Attorney General, *J. Compton French,* Assistant Attorney General, and *Joseph E. Williams,* County Solicitor, for Respondent;

*James F. Wishart, Jr.,* as *Amicus Curiae.*

PER CURIAM.—The record in the case does not show that the Governor's order of assignment of August 1, 1938, referred to in the opinion, had been revoked. But this is immaterial since the respondent Judge of the Criminal Court of Record was assigned under the executive order of July 13, 1938, "to be and appear in the Criminal Court of Record in and for Hillsborough County, Florida, and to then and there proceed to conduct the trial of all causes in which it may appear that the resident Judge is disqualified, and such other causes as may properly come before him in said court; and he, the said William V. Albury, under and by virtue of the authority hereof, is hereby vested with all and singular the powers and pregrogatives conferred by the Constitution and laws of the State of Florida upon Judges presiding by virtue of an order of the Governor of said State."

Even if the executive order be insufficient to authorize the assigned Judge to hold a part of a new term of the court, that matter could not be determined on a writ of Prohibition issued by the Circuit Judge to prohibit the Judge of a Criminal Court of Record from further proceedings in the trial of a felony charge then being tried, since the Circuit Judge had no jurisdiction to prohibit a Judge of the Criminal Court

of Record from trying a felony charge, even if a proper relator asks for the writ.

The orders of the Circuit Judge attempted to prohibit the Judge of the Criminal Court of Record from exercising further jurisdiction under the executive assignment, which would cover not only the felony case then being tried, but all cases, felony or misdemeanor, within the jurisdiction of the Criminal Court of Record. Such orders were wholly inoperative for lack of jurisdiction of the Circuit Judge even if the executive assignment was insufficient to confer jurisdiction upon the assigned Judge of the Criminal Court of Record to hold a new term of the Court. It was quite immaterial that the persons being tried were also charged with a misdemeanor.

As the Circuit Court had no jurisdiction to issue the prohibition orders, the respondent Judge of the Criminal Court of Record was not legally justified in abandoning the trial then in progress without the acquiescence of the defendants then on trial upon a felony charge.

The assigned Judge of the Criminal Court of Record apparently had no notice of the application for the first writ of Prohibition that was issued against him, whereby he was "prohibited from exercising further jurisdiction under said assignment and until further order of this court" which was not an ordinary *rule nisi* in Prohibition; and the respondent Judge did contest the issuance of the "peremptory writ of Prohibtion by the Circuit Judge; but in law such writs or orders issued by the Circuit Judge were wholly inoperative and constituted no legal ground for abandoning the trial of a felony charge without the legal acquiescence of the defendants.

On pages 271-272 of Thompson v. United States, 155 U. S., the following appears:

"The defendant, by his counsel, objected to proceeding further in the trial of the cause with the said juror on account of his incompetency as aforesaid. Whereupon the court ordered the discharge of the jury and that another jury be called, to which action of the court the defendant, by his counsel, at the time excepted."

The reference to the above case in the opinion filed herein is not error.

Rehearing denied.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.