STATE OF FLORIDA, ex rel. RALPH A. MANNING, v. JOHN R. HIMES, as Judge of the Criminal Court of Record of Hillsborough County, Florida.

15 So. (2nd) 613                              June Term, 1943
November 23, 1943                                   Division B

*C. J. Hardee* and *M. H. Jones*, for petitioner.

*J. Tom Watson*, Attorney General, and *John C. Wynn*, Assistant Attorney General, for respondent.

SEBRING, J.:

The petitioner, Manning, was placed on trial upon a charge of embezzling funds from his employer. During the progress of the trial the trial court declared a mistrial, discharged the trial jury, and continued the case to a later date. The case coming on for trial a second time, the petitioner filed a motion to quash the information and for a discharge from custody, on the ground of former jeopardy. See Sec. 909.02 Florida Statutes, 1941. A demurrer to the motion to quash was sustained. Manning thereupon filed his suggestion in prohibition in this court, a rule nisi issued, and the respondent answered. The cause is now before the court for the issuance of a rule absolute upon the return of the respondent to the rule nisi.

From the record before us, it appears that during the progress of the first trial one Berg was called as a witness for the State. While on the stand the witness testified to a certain conversation had by him with the accused wherein the latter had admitted being short in his accounts with his employer. Defendant's counsel moved to strike the testimony of the witness on the ground that the proper predicate had not been laid for its introduction. The trial judge then had the jury withdrawn from the courtroom. During their absence counsel for the defendant again made the motion that the

testimony be stricken, coupled with a motion that a mistrial be declared on the ground that testimony concerning an admission of guilt had been given without prior proof of the corpus delicti.

At this period of the trial, and without ruling upon the motions categorically, the trial judge stated to the attorneys in the case:

"There is certainly nothing improper about that evidence; if it is legally admissible it would be highly competent and relevant, but you have to go into the circumstances to show that; if you don't show it, I will strike it out."

Then ensued a protracted discussion between the trial judge and the prosecutor as to the manner of proving the corpus delicti, the prosecutor informing the trial judge as to the method by which he intended to prove his case and the trial judge, in return, stating that in his opinion such evidence would not be sufficient to prove the offense charged. At the conclusion of this somewhat lengthy colloquy, the following appears in the transcript of record:

"Mr. Spicola: If the court please, in view of the court's ruling—of course that isn't my understanding of the law— in view of the request of the defendant for declaring a mistrial, at this time the State has no objection, if the Court wants to do that.

"The Court: The defendant asked for a mistrial; the State has no objection. That doesn't constitute jeopardy—

"Mr. Zewadski: We withdraw that request for mistrial.

"The Court: I don't know whether you can withdraw it now.

"Mr. Gregory: We have already acquiesced in it.

"Mr. Zewadski: I was overruled and I don't renew it.

"The Court: I don't believe I have made any ruling.

"Mr. Gregory: The court hasn't ruled.

"Mr. Zewadski: I asked your Honor to rule on it.

"The Court: * * * The Court is going to grant the motion for mistrial and is going to deny defendant's request to withdraw motion for a mistrial, because it is obvious that the

defendant makes this request too late—after the State had acquiesced in the motion.

"Bring the jury back."

We think that under the facts narrated former. jeopardy has attached, and that the trial court erred in sustaining the motion to quash. The information was sufficient in form and substance to sustain a conviction against the accused, a jury had been duly empaneled and sworn, and testimony had been taken by the prosecution, before a mistrial was declared. Under such circumstances the power of the court could have been properly exercised only in case of manifest, urgent, or absolute necessity, or on motion, or consent of the accused. See Allen v. State, 52 Fla. 1, 41, So. 593, 120 Am. St. R. 188, 10 Ann. Cas. 1085; State, ex rel. Dato, et al., v. Himes, Judge, 134 Fla. 675, 184 So. 244; State ex rel. Ryan v. McNeill, 141 Fla. 304, 193 So. 67.

The State takes the position that the mistrial was declared upon motion of the defendant and upon his consent to such procedure. There is nothing to this contention. We think that the statements made by the trial judge to counsel immediately after the motion to strike the testimony and declare a mistrial was made by defense counsel amounted to a denial of the motion for mistrial, and a granting of the motion to strike the testimony to which objection had been made. If the statements of the trial judge did not have this effect, then we know of no reason why the defendant should not have been permitted to withdraw the motion for mistrial before a ruling was made thereon by the court. The prosecuting attorney attempted to join in the motion only after he had ascertained from lengthy dialogue with the trial judge that the State would be unable to establish its case. We think it clear that the mistrial was declared for this reason, not because of the admission of testimony that might have been prejudicial to the defendant.

When the jury is discharged without defendant's consent for a reason legally insufficient, an absolute legal necessity must exist for such discharge, else such discharge will amount to an acquittal and may be pleaded as a bar to a subsequent indictment. Allen v. State, *supra*. It cannot be said

that defendant consented to the discharge of the jury, either actually or impliedly, or that any legal necessity existed for such discharge. Although certain causes have been recognized as creating the necessity (See State ex rel. Dato v. Himes, *supra;* Wharton's Criminal Law, 12th Ed. Vol. 1, Sec. 395) the fact that the prosecuting attorney is unprepared for want of evidence, to go on with the trial once the jury has been empaneled and sworn, does not create such legal necessity. 15 Am. Jur., Title, Criminal Law, Sec. 409.

We hold, therefore, that the rule absolute in prohibition must issue.

It is so ordered.

BUFORD, C. J., BROWN, and THOMAS, JJ., concur.