TERRY B. PATTERSON, Associate Judge.
The appellant was first convicted on an information filed August 20, 1954, the first count charging the larceny of 1,312 pounds of copper wire on August 1, 1954, and the second count charging the larceny of 1,300 pounds of copper wire on August 8, 1954. On the eve of trial the Court upon motion required the State to elect upon which count it would proceed and the County Solicitor elected to try the appellant on the first count.
For reasons not pertinent to this present appeal, the appellant’s conviction was reversed by the Supreme Court and a re-trial ordered. Mead v. State of Florida, 86 So. 2d 773.
Upon the mandate going down the Solicitor filed two additional informations, styled “amended” informations, one on June 11, 1956, and one on August 29, 1956. The information of June 11 charged the theft of 2,612 pounds of copper wire on July 30, 1954, and various other times between that date and August 10th of the *506 same year. The information of August 29th charged the larceny of 1,312 pounds of copper wire on August 1, 1954. In the body of the later informations nothing appears to stamp them as amendments of any previous information.
Upon arraignment for the second time, the State elected to proceed on the information of August 29, 1956 and to defer prosecution on the information of June 11, 1956. Appellant was tried and convicted under the information of August 29, 1956, and his conviction was again reversed by the Supreme Court in Mead v. State, Fla., 101 So.2d 373, 375, where in the Court held: “Having concluded that there was nothing in the last information to link it with the first and that the appellant could not have been legally convicted in the absence of proof that the offense was committed within two years of 29 August, 1956, we are impelled to reverse the judgment.” Patently the information was insufficient to support a conviction inasmuch as it charged the commission of an offense more than two years prior to the date of the information.
Following the second reversal by the Supreme Court, appellant was required to stand trial upon the information of June 11, 1956, and upon his conviction prosecuted this appeal.
The appellant urges two points on this appeal. By the first he contends the trial judge committed reversible error in denying his motion for bill of particulars and by the second contends that by its election to try the appellant on the first count of the information of August 20, 1954, the State thereby abandoned the second count thereby discharging the appellant of the offense charged in the second count, an offense included in the information of June 11, 1956; and that by the election between informations of June 11 and August 29 upon his second arraignment, appellant was placed in double jeopardy by his ultimate trial on the information of June 11. We shall discuss the second point first because its disposition also disposes of the first point raised.
The appellant urges upon us the rule that where two or more indictments for the same offense are pending the prosecution may elect upon which it will proceed and where it does so its election is equivalent to an acquittal on the rest, citing 22 C.J.S. Criminal Law § 691, p. 1159. Our examination of the record in the first trial of the appellant reveals that the second count of the information of August 20, 1954, was withdrawn from the trial before the jury was empaneled and sworn. Appellant’s contention of double jeopardy on that account is therefore answered by the rule discussed in 22 C.J.S. Criminal Law § 257, where it is stated:
“§ 257. — As to one of Several Indictments or Counts.
“A nolle prosequi or discontinuance as to one count of an indictment or as to one of several indictments does not bar prosecution on the others, nor is accused in jeopardy on the charge contained in the count dismissed unless the dismissal or discontinuance was after the beginning of the trial.
“The withdrawal of a count of an indictment from the consideration of the jury amounts to an acquittal of the charge contained in that count, but dos not work an acquittal of a charge contained in another count. Accordingly, a nolle prosequi, dismissal, or discontinuance as to one or more counts of an indictment, or as to one of several indictments, is no bar to a prosecution on the others, and accused is not in jeopardy on a charge contained in a count dismissed before trial, but as to an indictment or count abandoned or discontinued after the jury have been impaneled, there is former jeopardy.”
Since the appellant was never in jeopardy for the offense charged in count two of *507 the original information his subsequent conviction for such offense under the information of June 11, 1956 is not barred by the State’s election under the information of August 20, 1954.
We conclude further that the State’s election between the informations of June 11 and August 29 did not place the appellant in prior jeopardy under the information of June 11. Not only was the election made before the jury was empaneled and sworn but also there was no valid election for the purpose of jeopardy inasmuch as the information of August 29 was insufficient to support a conviction. Trial under it could not constitute jeopardy and an election to proceed under it was in legal effect a nullity incapable of constituting jeopardy either under it or by reason of election. 22 C.J.S. Criminal Law § 257, quoted supra. See also 22 C.J.S. Criminal Law § 246: “ * * * where the indictment or information is so defective in form or substance that it will not support a conviction, it cannot form the basis of proceedings which will put accused in jeopardy and bar another prosecution.”
The pertinent information sought by the appellant’s motion for bill of particulars giving use to his first point was whether the offense charged in count two of the information of August 20, 1954 and that charged in the information of June 11, 1956 are the same. Since our conclusion is that the fact that they may be the same does not aid the appellant, we conclude that the denial of his motion for bill of particulars, even had it been error, is nevertheless harmless.
We conclude that the trial of the appellant under the information of June 11, 1956 did not constitute double jeopardy. No error having been made to appear, the judgment and sentence appealed from are affirmed.
KANNER, C. J., and ALLEN, J., concur.