RAWLS, Judge.
Petitioners filed their suggestion that writ absolute issue prohibiting Honorable Robert L. McCrary, Jr., Circuit Judge, and the Fourteenth Judicial Circuit of Florida from proceeding with trial of petitioners under information charging them with grand larceny. This court issued a rule nisi and now considers whether rule absolute should issue.
Petitioners were tried and convicted in the Circuit Court of Jackson County, Florida, upon information charging them with committing the crime of grand larceny. Motion for new trial was seasonably made by petitioners, and upon consideration thereof, the trial judge found that the record disclosed insufficient proof of venue and entered an order granting a new trial to petitioners. The points on appeal are:
1. Does prohibition lie in this case since petitioners have an adequate remedy by appeal ?
2. Does the suggestion for writ of prohibition demonstrate that the petitioners are subject to double jeopardy?
We will first dispose of the procedural point. The respondent contends that petitioner should await the results of a second trial and if not satisfied with the results, then utilize the remedy of appeal. In support of this position, it cites State ex rel. Johnson v. Anderson[1] as primary authority. In that case, defendants were tried for violation of the game laws in *324 Dade County, Florida, and were convicted. They were subsequently prosecuted in the adjoining County of Broward. The court held that the action of prohibition would not lie, because the County Court of Brow-ard County had jurisdiction to try the case. This decision and others cited by respondent stand as authority that the writ will not lie to prevent a court in one county that has jurisdiction to try a criminal case from proceeding with the trial, on the ground that the defendant would be placed in second jeopardy because he had been convicted for the identical act or crime in another county, since the defendant could have the question of double jeopardy reviewed on appeal, if convicted at the second trial.[2] We are not confronted with the actions of two separate jurisdictions, but have before us the same jurisdiction embarking on a second trial of the same defendants on the same information. Under these circumstances, the Supreme Court has recently reiterated in State ex rel. Williams v. Grayson[3] that procedurally an original action of prohibition is proper. There, defendants had gone to trial and after the jury retired, but before it reached a verdict, the trial court, upon the prosecuting attorney’s motion declared a mistrial.[4] An amended information charging defendants with substantially the same offense was filed, and after their motion to quash based upon former jeopardy was overruled by the trial judge, defendants filed their suggestion for writ of prohibition in the Supreme Court. In dealing with the propriety of prohibition in that cause, Justice Thornal stated on page 713 as follows:
“The respondent does not question the proposition that prohibition is the appropriate procedure to follow in order to obtain the relief sought. He does, however, contend that the petitioners are not entitled to the relief they seek. We have held that prohibition is the appropriate procedure. State ex rel. Manning v. Himes, 153 Fla. 711, 15 So.2d 613.”
Consequently, we hold that the writ has been properly brought and now proceed to the merits of the cause as set out in the second point.
It is petitioners’ contention that once a new trial was granted, the State was in such position that it could have appealed from the trial judge’s order granting a new trial and during the pendency of such appeal, the State could have again instituted prosecution in the trial court and thereby have placed petitioners in double jeopardy. We are not confronted with such a factual situation. The record reveals that the State has not appealed the trial judge’s order, and that the time for taking an appeal from said order has expired. This Court should not indulge in what might or might not happen in arriving at a decision on the merits of the case at bar.
Petitioners concede that a long line of early decisions rendered by our Supreme Court hold that jeopardy ceases as if it had never existed when defendants are awarded a new trial after conviction so as not to preclude another trial upon the subject matter. However, they contend that such decisions were based upon the premise that the State did not have the right to appeal, and the enactment in 1939 of section 924.10 F.S., F.S.A., which gave the state the right of appeal, abolished the reason for the rule and thus abolished the rule itself. We do not agree with petitioner’s position. Gibson v. State [5] is the landmark case applicable to the questions now being considered. There, the defendant was convicted of murder in the first degree, and a new trial was granted *325 upon defendant’s motion. The Supreme Court stated on page 377:
“As to the plea, we think the court did not err in holding that it furnished no sufficient defense against the further prosecution of the prisoner. That a party cannot be twice put in jeopardy for the same offense is well established in law; but when there has been a trial for an offense, and a verdict of guilty, and on motion of the party convicted the court arrests the judgment, or grants a new trial, it is uniformly held that such party has not been in the jeopardy which forbids a second trial, whether upon the same indictment or a new one. The arrest of judgment or the new trial being at his instance, and for his benefit, and the prosecution being thereby suspended, the jeopardy ceases, and is, so far as a new indictment after arrest of judgment is concerned, as if it had never existed. 1 Bish.Crim.Law, § 1000.” [Emphasis supplied.]
The above quoted excerpt sets out the rule that is practically uniformly followed in other jurisdictions and if the opinion had ceased at that point, no justiciable issue would be posed. However, the Court further stated in the Gibson case, the following:
“The rule is applicable in this state, because the prosecutor has no right of appeal for the reversal of the judgment of arrest, while in states where such appeal is allowed the jeopardy is considered as still existing.” [Emphasis supplied.]
and reiterated the same basis for its holding in McLeod v. State,[6] wherein it said:
“The former trial in the circuit court having been concluded and a new trial granted on motion of the defendant, the defendant then stood in the same position as if he had been charged with murder in the second degree and no trial had been had. Jeopardy ceased upon the granting of a new trial because there was no appeal available to the state from the judgment granting the new trial. Gibson v. State, 26 Fla. 109, 7 So. 376.”
Therefore, we must recognize that prior decisions of this jurisdiction have been founded to some extent upon the absence of a right of appeal by the State from post-trial orders.
However, reverting to the Gibson case we find in addition to the statement as to the rule adopted and the reason therefor, the following doctrine of waiver enunciated on page 377 as follows:[7]
“[W]hile in states where such appeal is allowed the jeopardy is considered as still existing. And, so far as a new trial is concerned when granted on motion of the defendant, the jeopardy of the previous trial is waived by him, and is not available for his defense. 1 Bish.Crim.Law, §§ 1001, 1003.”
The Supreme Court has clearly recognized the doctrine of waiver by defendant in the event the right of appeal was made available to the state. We think this is the more logical rule to be followed.
Weighing the able contentions of counsel for each party, we conclude that to sustain petitioner’s contentions would be to impose a strained interpretation upon Section 12, Declaration of Rights, Florida Constitution F.S.A. Petitioners have been tried and convicted of the crime of grand larceny. They were dissatisfied with the results of their trial and asked the trial judge for a new trial. The able trial judge conscientiously examined the record, found insufficient proof of venue therein, and granted to petitioners that which they had asked. Having acquired what they sought, the petitioners now say they do not want it. They want to be set free and never *326 be subjected to any jeopardy because they have once been convicted. The State has not placed them in but a single jeopardy. The State has not appealed. It cannot now appeal. The only jeopardy that petitioners can be subjected to is another trial, which they requested. A new trial having been granted on motion of petitioners with the verdict and conviction set aside and the State having not appealed, we, therefore, hold that the petitioners cannot by their own act avail themselves of the jeopardy which they sought and then assert it as a bar to subsequent prosecution for the same offense.
Writ of prohibition absolute is denied and the rule nisi discharged.
WIGGINTON, Acting C. J., and STURGIS, J., concur.

. State ex rel. Johnson v. Anderson, 37 So. 2d 910 (Fla.1948).

. 25 Fla.Jur., Prohibition, § 37, p. 487.

. State ex rel. Williams v. Grayson, 90 So.2d 710, 63 A.L.R.2d 777 (Fla.1956).

. Some question existed as to defendant’s joining in this motion.

. Gibson v. State, 26 Fla. 109, 7 So. 376 (1890).

. McLeod v. State, 128 Fla. 35, 174 So. 466 (1937).

. See Footnote (5).