157 So.2d 875 (1963)
STATE OF FLORIDA EX REL. JOSEPH P. WHEELER AND MACK REID, PETITIONERS,
v.
RICHARD H. COOPER, AS JUDGE OF THE CRIMINAL COURT OF RECORD IN AND FOR ORANGE COUNTY, FLORIDA, DIVISION "A", RESPONDENT.
No. 4408.
District Court of Appeal of Florida, Second District.
November 22, 1963.
Dominick J. Salfi of the Law Offices of J. Russell Hornsby, Orlando, and Leo Haley, of Haley & Cooper, Orlando, for petitioners.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for respondent.
KANNER, Judge.
Joseph P. Wheeler and Mack Reid, petitioners in this prohibition proceeding, were charged as defendants under a seven count information filed by the county solicitor setting out violations of the lottery laws. They were arraigned, with pleas of not *876 guilty being entered, and were brought to trial in the Criminal Court of Record of Orange County. The trial ran its course up to a point when the trial court, upon motion of the prosecuting attorney, objected to by defendants, discharged the jury, grounded upon the running over of the trial past midnight into the ensuing term of court. The case was then rescheduled for trial. Defendants filed a motion to quash the information, premised upon asserted immunity from prosecution on the counts contained within it because of having been placed in former jeopardy during the preceding trial. This motion was denied. Through sworn suggestion for writ of prohibition, the matter of whether or not a rule absolute should be rendered by this court to prohibit further proceedings by the respondent judge in the prosecution of the petitioners was brought here for consideration. Being of the view that there was no manifest necessity for discharge of the jury, we have concluded under the particular situation here involved that the rule absolute must issue.
The text of the colloquy upon the subject of the prosecutor's motion to discharge the jury was as follows:
"MR. RUSS: Your Honor I observe the hour now to be five minutes passed (sic) midnight which will take us into the date of Monday, March 11, 1962 (sic 1963) in the commencement of the March term of this court.
"THE COURT: Well 
"MR. RUSS: My understanding of the Law is that at the hour of midnight the trial of this Cause was legally terminated and the jury discharged of its duty by operation of Law at this time.
"THE COURT: Is the State making a motion for the discharge of the jury?
"MR. RUSS: Yes sir the State of Florida by and through James Russ respectfully moves the Court to discharge the jury called in this case, the State of Florida versus Joseph P. Wheeler and Mack Reid, and shows as grounds that the hour is six minutes after twelve a.m. on March 11, 1962 (1963), that the January term of this Court terminated at the hour of midnight on March 10, 1962 (1963) and the March term commenced at 12:01 a.m. on March 11th of 1962 (1963) and therefore by operation of Law the jury called in this Cause was discharged."
Each defendant objected to and opposed the motion, insisting that the granting of it would subject him to jeopardy for the same offenses. Upon questioning by the court as to whether jeopardy would attach, the prosecutor replied that where a trial is in progress after conclusion of a term of court, this acts as a mistrial rather than as an acquittal and that jeopardy does not in such instance attach. The court, granting the motion, stated:
"The State is the one that has brought the prosecution and if the State takes the position that jeopardy will not attach and moves for a discharge of the jury I believe the Court should grant the motion. Call in the jury."
Then recalling the jury, the court advised them:
"Gentlemen of the jury during the absence from the courtroom the State moved for a discharge of the jury in this cause, due to the expiration of the term of the court; the January term of court having expired as of midnight Saturday  correction  as of midnight Sunday, and the new term of court being the March term having started at 0001 as of the 11th day of March, 1963, that time now being passed, so the Court has granted the motion of the State and orders the discharge of the Jury."
At the point when the above transpired, the trial had run from February 26, 1963, into *877 March 11, 1963, with defendants having called twenty-five witnesses and having produced at that stage around 500 pages of testimony, while the prosecution had presented approximately the same number of pages through testimony of six witnesses which it had called; nor at that juncture had defendants completed their defense.
It is the position of the petitioners that, because of the previous trial, they have been placed in jeopardy on the same charges and that to be tried again would constitute double jeopardy. Conversely, the state takes the position that, since there is no statutory authority to the contrary, expiration of the term of court required discharge of the jury and that such discharge does not operate as an acquittal. It urges that expiration of the term constituted a manifest necessity for discharge of the jury.
It is to be noted preliminarily that prohibition as a method of avoiding a second trial is the proper remedy, rather than that of appeal from the second trial itself. State ex rel. Hicks v. McCrary, Fla.App. 1962, 141 So.2d 323; State ex rel. Williams v. Grayson, Fla. 1956, 90 So.2d 710, 63 A.L.R.2d 777.
By constitutional and statutory prescription, the criminal courts of record in this state shall have six terms of court in each year. Article V, section 9(3) of the Florida Constitution, F.S.A., and section 32.03(1), Florida Statutes, F.S.A. A judge of the criminal court of record is authorized under section 32.03(2), to call such special terms as the business of the court may require. Section 32.03(4) (f) provides for the commencement date of each regular term of court but does not expressly prescribe the closing date. In Florida, there is neither statute nor rule relating to the manner in which a court in criminal cases is affected or limited by the continued existence or expiration of a term of court, although in civil cases the Florida Rules of Civil Procedure, through Rule 1.6(c), 30 F.S.A.,[1] and in criminal cases the Federal Rules of Criminal Procedure, through Rule 45(c)[2] make such a provision; and there are similar enactments as to criminal procedure in other jurisdictions. Criminal courts of record are possessed of inherent power to do all things reasonably necessary for the administration of justice within the scope of their jurisdiction, subject to valid existing laws and constitutional provisions. Keen v. State, 1925, 89 Fla. 113, 103 So. 399; 8 Fla.Jur., Courts, section 41, page 309.
The protection of an accused against being twice placed in jeopardy for the same offense is a guarantee afforded by the Florida Constitution, section 12 of the Declaration of Rights, F.S.A. and Amendment V of the Constitution of the United States. Jeopardy of an accused has been defined as that time when one is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction, with a jury having been impaneled, sworn, and charged with his deliverance. When the trial has reached this stage, the trial judge should exercise the power to discharge the jury only in cases of manifestly urgent and absolute necessity. Discharge of the jury for legally insufficient reasons, without an absolute *878 necessity and without the defendant's consent, is equivalent to an acquittal and precludes a subsequent trial for the same offense. State ex rel. Williams v. Grayson, supra; State ex rel. Manning v. Himes, 1943, 153 Fla. 711, 15 So.2d 613; State ex rel. Dato v. Himes, 1938, 134 Fla. 675, 184 So. 244, rehearing denied, 135 Fla. 203, 184 So. 648; Allen v. State, 1906, 52 Fla. 1, 41 So. 593, 120 Am.St.Rep. 188, 10 Ann.Cas. 1085.
The dockets of the criminal courts of record are heavily burdened, and some of these courts have more than one judge, with trials progressing simultaneously. Necessarily, a court in setting cases will schedule a number of them toward the latter part of a term, and in many instances the time for completion of a trial cannot be foretold. Yet an obligation of the courts in administering justice under the criminal laws is to afford an accused a speedy trial; once scheduled and begun, the trial itself and preparation for it involve expense, not only to the accused but to the state.
Here, the trial in all its full-fledged aspects had run a two weeks' course. The bare reason given by the state for discharge of the jury was that a new regular term of court was at hand. There was no manifest urgency or absolute necessity to justify the discharge, such as illness of the judge, the accused, or a juror; inability of the jury to agree, after due deliberation, upon a verdict; or a consent of the accused himself. See State ex rel. Williams v. Grayson, supra. The suggested writ should therefore issue and become absolute.
It is so ordered.
SMITH, C.J., and WHITE, J., concur.
NOTES
[1] Rule 1.6(c) Time. "Unaffected by Expiration of Term. The period of time provided for the doing of any act or the taking of any proceeding shall not be affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which is and has been pending before it."
[2] Rule 45(c) Time. "Unaffected by Expiration of Term. The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the expiration of a term of court. The expiration of a term of court in no way affects the power of a court to do any act in a criminal proceeding."