BARKDULL, Chief Judge.
This is an original proceeding in prohibition, instituted by the relator, seeking to prohibit the respondent from proceeding to try him upon Count I of an. information charging him with a conspiracy to commit abortion. The grounds for seeking this extraordinary relief is a violation of the constitutional prohibition against double jeopardy. See: Section 12, Declaration of Rights, Florida Constitution, F.S.A.
The facts giving rise to this situation, as revealed by the record, are the following: The relator had an information filed against him on June 21, 1962, containing two counts. The first count was a conspiracy to commit abortion, and the second count was attempted abortion. The cause came on for trial and, subsequent to the jury being im-panelled and sworn the State, upon motion being made, elected to proceed only upon Count II. Thereafter, the jury returned the verdict in favor of the relator. Subsequently, the relator was noticed for trial upon Count I, to wit: conspiracy to commit abortion. Upon being advised of the trial upon Count I, he instituted these original proceedings in the nature of a prohibition.
It appears that the State not having made its election until after the jury was impanelled and sworn, the relator was placed in jeopardy upon both counts during the . original trial. See: Brown v. State, 130 Fla. 479, 178 So. 153; Mead v. State, Fla.App.1959, 110 So.2d 504. It appears that prohibition has been recognized as an appropriate proceeding to urge the constitutional right against double jeopardy. See: State ex rel. Manning v. Himes, 153 Fla. 711, 15 So.2d 613; State ex rel. Williams v. Grayson, Fla.1956, 90 So.2d 710; State ex rel. Hicks v. McCrary, Fla.App.1962, 141 So.2d 323. The relator having once been put in jeopardy on the first count, the rule nisi in prohibition should be made absolute, and the respondent prohibited from proceeding to try the relator a second time. The respondent urges that the relator, by making the motion requiring the State to elect, waived his right to double jeopardy upon the abandoned first count and, therefore, is estopped to urge this constitutional right. We find upon this record that this contention is without merit. See: State v. Rush, 138 Kan. 465, 26 P.2d 581.
*875 Therefore, it is the opinion of this court that the rule nisi, heretofore issued in prohibition, should be made absolute. We assume, because of the views expressed herein, that it will be unnecessary to formally issue the writ.