CARROLL, Judge.
This is an original proceeding in prohibition directed to the criminal court of record of Dade County. The suggestion discloses that previously petitioner was charged with commission of a felony, on an information which alleged entry of a building without breaking with intent to commit petit larceny; that he was convicted thereon and appealed; and that this court reversed the conviction.[1]
Thereafter a corrected information was filed in the original case in the criminal court. A motion to quash the second information was granted. Later, a third information was issued, similar in form to the second, and it served as a basis for the present prosecution of the defendant in the criminal court of record. The suggestion for writ of prohibition discloses the cause had reached the stage in the criminal court where it was set for trial on September 2, 1964, the date the prohibition proceeding was commenced here.[2]
Relying on those facts the petitioner contended in the suggestion that he had been placed in jeopardy when tried earlier and by issuance of the second information, and therefore that the present case based on the third information is subjecting him to double jeopardy; and (2) that the dismissal of the second information, which was similar in form to the present information, was res judicata so as to bar the present action in the criminal court of record.
A rule nisi in prohibition was issued by this court, to which the respondent filed a motion to quash. After hearing thereon we conclude that the motion to quash should be granted and the application for prohibition denied.
It has been recognized by the courts of Florida that prohibition is an appropriate remedy through which to assert the defense of double jeopardy.[3] However, it is apparent on the face of the suggestion for prohibition that there is no valid basis to claim double jeopardy in this instance. This is so because while the first trial went to a conclusion and was adverse to the defendant, the judgment was reversed for a defective information, and where an information is defective in form or substance so that a valid judgment of conviction may not be entered thereon, legal jeopardy does not result.[4] Nor did the issuance and quashal, without more, of the second information, result in jeopardy attaching.[5] The petitioner’s contention regarding res judicata is unsound. That defense, if pres *774 ent, may be asserted and determined in the trial court, but is not acceptable as a basis for writ of prohibition.[6]
Accordingly, prohibition is denied and the suggestion dismissed.
It is so ordered.

. See Dawalt v. State, Fla.App.1963, 156 So.2d 769, where this court held the information on which the conviction was based “failed to state a crime under the laws of Florida,” and pointed out the respects in which the information was defective.

.From the fact that the criminal case had been set for trial, it can be inferred the criminal court had made orders therein indicating exercise of jurisdiction. As to the necessity thereof for prohibition, see State ex rel. Reynolds v. White, 40 Fla. 297, 24 So. 160; Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804; 25 Fla.Jur., Prohibition § 40 (1959).

. State ex rel. Manning v. Himes, 153 Fla. 711, 15 So.2d 613; State ex rel. Williams v. Grayson, Fla.1956, 90 So.2d 710, 63 A.L.R.2d 777; State ex rel. Hicks v. McCrary, Fla.App.1962, 141 So.2d 323; State ex rel. Wheeler v. Cooper, Fla. App.1963, 157 So.2d 875; State ex rel. James v. Williams, Fla.App.1964, 164 So.2d 873.

. Burnes v. State, 89 Fla. 494, 104 So. 783; Mead v. State, Fla.App.1959, 110 So.2d 504; 22 C.J.S. Criminal Law § 246, p. 651 (1961).

. State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244; Kennick v. State, Fla.App.1958, 107 So.2d 59, 60 ; 22 C.J.S. Criminal Law §§ 249, 250.

. State v. White, Fla.App.1964, 162 So. 2d 697; Garcia v. Superior Court, 78 Ariz. 351, 280 P.2d 270; 32 Am.Jur., Prohibition § 31 (Supp.1964, at 29 n. 13.-54).