LILES, Acting Chief Judge.
The State charged the appellants with robbery. During their trial it was discovered that the mother of appellant Guthrie had been adjudicated incompetent and she was not permitted to testify. In his closing argument, the prosecutor mentioned the fact that the mother had not testified and defense counsel moved for a mistrial.
“MR. FARNELL [Attorney for Defendant Guthrie] : That is highly improper comment, and I believe we’d be entitled to a mistrial, Judge. I think that was flagrant. He knows full well why we couldn’t put her on.
MR. MYERS [Attorney for Defendant Fugett]: There’s no way we can explain that away, now that it’s brought before the jury. We can’t explain to them the reason she could not testify was because she was incompetent. And I would join counsel in moving for a mistrial.
THE COURT: I think it can be cured by an instruction to the jury.”
The judge then gave the following instruction to the jury to cure the improper comment.
“THE COURT: Ladies and gentlemen of the jury, this is improper argument on the part of the State’s Attorney. The testimony was that the father was inside the store, the mother was in the car. The mother was offered as a witness in this case. She had been declared incompetent by a Court. She is still incompetent. The Court would not allow her to testify, in view of her incompetence.”
It therefore appears that the judge, by his action, clearly denied the defense motion for mistrial.
As soon as the charge was given, the State moved for a mistrial. The judge then said that both parties had moved for mistrial, declared a mistrial, and discharged the jury. However, the judge had denied the defense motion for mistrial and by his language did not rescind that denial. Therefore, it cannot be said that the defense joined in the State’s motion thereby waiving double jeopardy. State ex rel. *30 Manning v. Himes, 1943, 153 Fla. 711, 15 So.2d 613; State ex rel. Williams v. Grayson, Fla. 1956, 90 So.2d 710, 63 A.L.R.2d 777.
Thus, the trial court erred in denying appellants’ motion to dismiss on grounds of prior jeopardy when the case was reset for trial and in entering judgment and imposing sentence upon their plea of nolo con-tendere.
Reversed and remanded with directions to vacate sentences and discharge appellants.
HOBSON and McNULTY, JJ., concur.