307 So.2d 213 (1975)
STATE of Florida ex rel. Jon ANDERBERG, Relator,
v.
Honorable David U. STRAWN, Judge of the Circuit Court, Criminal Division in and for the County of Brevard, State of Florida, Respondent.
No. 74-1545.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
Rehearing Denied February 20, 1975.
Jerrold A. Bross, Asst. Public Defender, Titusville, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for respondent.
OWEN, Chief Judge.
Relator filed in this court his suggestion for writ of prohibition to prohibit respondent from proceeding with the announced trial of relator for the offense of breaking and entering a dwelling with intent to commit a misdemeanor, to-wit: petit larceny. We issued a rule to show cause and upon respondent's filing of his brief, this cause is now ready for final disposition, the court having dispensed with oral argument pursuant to Rule 3.10, subd. e., F.A.R.
The facts are neither complex nor disputed. Relator, charged with the offense of breaking and entering a dwelling with the intent to commit a misdemeanor, towit: petit larceny, was brought to trial on that offense on October 30, 1974 before respondent. After the State had rested its case, relator took the witness stand and testified in his own behalf. At the conclusion of the re-direct examination, the prosecutor announced that he had no cross-examination, whereupon relator's counsel, Mr. Bross, without notice to the court or prosecutor, made the following statement in the jury's presence:
"MR. BROSS: Your Honor, if I may at this time, if it please the Court, we would allow the defendant to answer any questions that the jury may wish to ask him."
Respondent immediately had the jury excused from the courtroom and declared a recess. Approximately fifteen minutes later, *214 court was reconvened and the jury returned to the courtroom, whereupon respondent announced to the jurors his decision to declare a mistrial.
The case was immediately set on respondent's trial docket for the following week. Relator filed a motion to dismiss on the grounds of double jeopardy, and the same having been denied, filed in this court his suggestion for writ of prohibition.
Two questions are considered by us: (1) Is prohibition an appropriate remedy in this case? (2) If prohibition is an appropriate remedy, is there merit to relator's contention of double jeopardy? We conclude that both should be answered in the affirmative.

REMEDY
The split in the Florida cases over the question of whether prohibition can be used to prevent threatened action by an inferior criminal court, which, it is alleged, will constitute a violation of the prohibition against double jeopardy is representative of a broader division of judicial philosophy on the subject which is noted in Annotation: "Former Jeopardy as Ground for Prohibition" in 94 A.L.R.2d 1048, at 1051-1052:
"... With respect to the principle that prohibition is available only to prevent an inferior tribunal from acting without or in excess of jurisdiction, some cases, especially the earlier ones, have taken the view that since it is clearly within the jurisdiction of the criminal court to pass on a claimed defense of double jeopardy, prohibition is not available to prevent such court from proceeding against the accused person. Other cases, particularly the more recent ones, allow prohibition to prevent threatened judicial action which, it is claimed, would constitute a violation of an accused's right not to be tried twice for the same offense. There is, however, some disagreement and confusion as to the theoretical basis for such a ruling. Some courts indicate that action which will amount to a violation of the double jeopardy restriction constitutes conduct in excess of the criminal court's jurisdiction, even though there is no lack of jurisdiction to pass on a double jeopardy claim. Others espouse a view that a claim of double jeopardy, being bottomed on a fundamental constitutional prohibition, represents more than a `defense' to a criminal charge, and that with respect to such a claim the normal rule that prohibition is not available except to prevent action in the absence or abuse of jurisdiction should not be applied." (E.S.)
Two Florida cases reflect the view that prohibition is not an appropriate remedy for double jeopardy claims, appearently because double jeopardy is a defense which is within the jurisdiction of the lower court to pass upon and, as such, the appropriate remedy is by appeal after the second trial.
In State ex rel. Cacciatore v. Drumright, 1934, 116 Fla. 496, 156 So. 721, 97 A.L.R. 154, relator had been tried and convicted of violating a municipal ordinance. He was subsequently discharged upon a writ of habeas corpus, it being found that the charge upon which he had been tried and convicted failed to state an offense. The charge was re-filed, presumably with deficiencies cured, and relator applied for a writ of prohibition on the grounds of double jeopardy. The Florida Supreme Court upheld the denial of the writ, stating:
"Our view is that plaintiff in error, if he was entitled to any remedy at all on the alleged ground of former jeopardy, was certainly not entitled to a writ of prohibition, as that was defensive matter and presented a question that could have readily been raised by plea in the municipal court, which was the proper forum in which to raise it; and, if the action of the municipal court thereon, if and *215 when taken, had been adverse to plaintiff in error, and deemed by him to be erroneous, he could have had an adequate remedy for the review and correction of such supposed error in a higher court, by writ of error, in the regular, orderly, and usual procedure in such cases. The municipal court had jurisdiction of the subject-matter and the parties, and could have given the accused the benefit of any defense which he was lawfully entitled to interpose... ." (156 So. at 723)
In the second case, State ex rel. Johnson v. Anderson, Fla. 1948, 37 So.2d 910, relators had been convicted of violating the game laws in Dade County. Subsequently, an information for the identical act was filed against them in Broward County. The Supreme Court held that relators could not maintain an action for prohibition to prevent the second prosecution "because the County Court of Broward County had jurisdiction to try the case. In this fashion the appellants seek the judgment of this Court on a question which the County Court could try and have orderly review on appeal as provided by law if ultimately dissatisfied with the judgment."
These two cases do not appear to be subject to being reconciled with the line of Florida cases (all but one of which are more recent) which hold that prohibition is a proper proceeding for determining double jeopardy claims.
The earliest case in this line, which, it might be noted, antedates State ex rel. Johnson v. Anderson, supra, is State ex rel. Manning v. Himes, 1943, 153 Fla. 711, 15 So.2d 613. In that case, the relator had been placed on trial for embezzlement. A jury had been impanelled and sworn and testimony taken, when the State moved for a mistrial, over defendant's objection, which was granted. When the case came on for trial a second time, relator moved to quash the information on the ground of former jeopardy. A demurrer to the motion to quash was sustained and relator filed for a writ of prohibition. The Supreme Court found that double jeopardy had attached and simply issued the writ without any discussion as to its appropriateness as a remedy in the cause. Nevertheless, State ex rel. Manning v. Himes has since been consistently cited as authority for the proposition that a writ of prohibition is an appropriate proceeding to prevent retrial on double jeopardy grounds. For example, in State ex rel. Williams v. Grayson, Fla. 1956, 90 So.2d 710, 63 A.L.R. 2d 777, the nearly identical situation as in Manning (and in the case at bar) was again presented. A jury had been impanelled and sworn and testimony received in relator's trial, for violation of the liquor laws. A mistrial was then declared upon the State's motion. When the case was again set for trial, relator moved to quash the information on the ground of former jeopardy which motion was denied. Relator then filed for a writ of prohibition. The Supreme Court granted relief noting:
"The respondent does not question the proposition that prohibition is the appropriate procedure to follow in order to obtain the relief sought... . We have held that prohibition is the appropriate procedure. State ex rel. Manning v. Himes, [supra], ...." (90 So.2d at 713)
Similarly, in State ex rel. Wheeler v. Cooper, Fla.App. 1963, 157 So.2d 875, at 877, where a mistrial had been declared after the jury had retired to its deliberations and the State thereafter sought to prosecute anew, prohibition was acknowledged as an appropriate remedy:
"It is to be noted preliminarily that prohibition as a method of avoiding a second trial is the proper remedy, rather than that of appeal from the second trial itself... ." (157 So.2d at 877)
See also, State ex rel. Hand v. Lane, Fla.App. 1968, 209 So.2d 873, where the writ was issued under the same circumstances (jury, after being impanelled and sworn, was discharged without defendant's consent *216 and State attempted retrial) with no discussion as to its propriety.
Prohibition has been held to lie as a means of avoiding double jeopardy in various other factual contexts. The procedure was endorsed, for example, in State ex rel. Hicks v. McCrary, Fla.App. 1962, 141 So.2d 323 (although the writ was denied on the merits). There, relator, after being tried and convicted for grand larceny, moved for and was granted a new trial on the ground that the record disclosed insufficient proof of venue. He then filed for a writ of prohibition to prevent his retrial. In holding that prohibition was properly brought, the First District Court of Appeal attemped to distinguish[1] State ex rel. Johnson v. Anderson, supra, as follows:
"This decision and others cited by respondent stand as authority that the writ will not lie to prevent a court in one county that has jurisdiction to try a criminal case from proceeding with the trial, on the ground that the defendant would be placed in second jeopardy because he had been convicted for the identical act or crime in another county, since the defendant could have the question of double jeopardy reviewed on appeal, if convicted at the second trial. We are not confronted with the actions of two separate jurisdictions, but have before us the same jurisdiction embarking on a second trial of the same defendants on the same information. Under those circumstances, the Supreme Court has recently reiterated in State ex rel. Williams v. Grayson that procedurally an original action prohibition is proper." (141 So.2d at 324) (Footnotes omitted)
Finally, there are two Florida cases which broadly state prohibition is available for bringing double jeopardy claims generally before a court of review. In State ex rel. James v. Williams, Fla.App. 1964, 164 So.2d 873, the State elected to drop one count of its information against relator after a jury had been impanelled and sworn. When, after relator's acquittal on the remaining charges, the State sought to reinitiate trial on the count that had been dropped, relator obtained relief from the Third District Court of Appeal through prohibition proceedings, wherein that court noted, 164 So.2d at 874:
"It appears that prohibition has been recognized as an appropriate proceeding to urge the constitutional right against double jeopardy. See: State ex rel. Manning v. Himes, 153 Fla. 711, 15 So.2d 613; State ex rel. Williams v. Grayson, Fla. 1956, 90 So.2d 710; State ex rel. Hicks v. McCrary, Fla.App. 1962, 141 So.2d 323."
In Reyes v. Kelly, Fla.App. 1967, 204 So.2d 534 (rev'd., Fla. 1969, 224 So.2d 303) although relator's claim of double jeopardy was rejected by the Second District Court of Appeal, his right to proceed by prohibition was recognized, thusly:
"And if the defense of double jeopardy was legally available to defendant, prohibition in this Court would be an appropriate remedy." (204 So.2d at 537)

MERITS
The seminal case in Florida regarding the defense of double jeopardy after a declaration of a mistrial is Allen v. State, 1906, 52 Fla. 1, 41 So. 593, 120 Am. St.Rep. 188; 10 Ann.Cas. 1085, which states the general rule as follows:
"The power of the court to discharge a jury who have been sworn in chief before verdict should be exercised only in case of a manifest, urgent, or absolute *217 necessity. If the jury are discharged for a reason legally insufficient, and without an absolute necessity for it, and without the defendant's consent, the discharge is equivalent to an acquittal, and may be pleaded as a bar to any further trial, or to any subsequent indictment."
The rule has often been cited, see, e.g., State ex rel. Manning v. Himes, supra; State ex rel. Williams v. Grayson, supra; State ex rel. Dato v. Himes, Fla. 1938, 134 Fla. 675, 184 So. 244 (reh. den'd. 1938, 135 Fla. 203, 184 So. 648) and elaborated upon:
"`It has been held that the causes which create the necessity must fall under one of three heads, namely: (1) Where the court is compelled by law to be adjourned before the jury can agree upon a verdict; (2) where the prisoner by his own misconduct places it out of the power of the jury to investigate his case correctly, thereby obtaining an unfair advantage of the state, or is himself, by the visitation of Providence, prevented from being able to attend to his trial; and (3) where there is no possibility for the jury to agree upon and return a verdict.' 16 C.J. 250, 251." (State ex rel. Dato v. Himes, supra, at 246-247.)
"Illustrative of the urgent or necessary reasons that would justify the discharge of the jury at the stage of the trial mentioned would be: (a) the illness of the judge, the accused, or a juror requiring the absence of any of them from the court, or (b) the inability of the jury to agree on a verdict after due and proper deliberation, or (c) a consent of the accused himself". (State ex rel. Williams v. Grayson, supra, 90 So.2d at 713.)
The question here, then, is whether the respondent-trial judge properly exercised his discretion in determining that there was manifest, urgent or absolute necessity for the declaration of a mistrial. The precipitating cause of the mistrial was the following statement by defense counsel made in the jury's presence:
"Your Honor, if I may at this time, if it please the court, we would allow the defendant to answer any questions that the jury may wish to ask him."
The respondent-trial judge immediately excused the jury and announced his intention to declare a mistrial as he regarded defense counsel's suggestion as "a highly imappropriate procedure", the very mentioning of which in front of the jury so "contaminated" the trial as to necessitate this course. The court then recessed briefly, following which the jury was returned and a mistrial formally declared. Under these circumstances, was the declaration of a mistrial a matter of manifest, urgent or absolute necessity? We think not.
The respondent-trial judge indicated that he regarded juror questioning as a highly inappropriate procedure. The Florida Supreme Court has expressly found to the contrary. In Ferrara v. State, Fla. 1958, 101 So.2d 797, the court was confronted with the question of the propriety of a pamphlet entitled "Handbook for Trial Jurors ..." distributed to all jurors in the Thirteenth Judicial Circuit. In reviewing and generally approving the contents of the pamphlet, the court noted:
"Reverting to the warning [in the handbook] that jurors should not interrogate witnesses, we come to our only criticism of the contents of the booklet. We think that upon appropriate occasion a trier of fact might be completely justified in propounding a question.
"There is authority supporting the position that such procedure should be discouraged but we find that the weight of opinion is to the contrary. We conclude that the procedure should be one to be controlled by the discretion of the trial judge." (101 So.2d at 801)
When, in Shoultz v. State, Fla. 1958, 106 So.2d 424, the use of the pamphlet was once again challenged, the Supreme Court, referring to its opinion in Ferrara, declined to reconsider the issue, except to reemphasize its position on juror interrogation, *218 even suggesting that the handbook's admonition against this procedure might, in some future case, be deemed harmful error:
"However, we would like to take this opportunity to reaffirm our criticism of the provision of this handbook which admonishes jurors not to question witnesses. We do not deem the inclusion of such warning to be harmful error in this case. We suggest, however, that the pamphlet herein considered should be modified to eliminate this admonition in order that future criticism may be avoided, for we cling to the view that upon appropriate occasions a trier of fact might be justified in propounding a question." (106 So.2d at 425-426)
Thus, the Supreme Court has taken a strong position against an across-the-board prohibition on questioning by jurors. Unquestionably, the court did leave to the sound judicial discretion of the trial judge the determination of the appropriateness of the procedure in any given case. The respondent-trial judge in the case at bar would have been absolutely justified in refusing defense counsel's offer to submit his client to juror interrogation. But this offer, made in the jury's presence, could not have been misconduct, or in any event, misconduct of such a nature as to prevent the State from receiving a fair trial. While, arguably, defense counsel might have made his request out of the jury's presence, the damage, if any, occasioned by his failure to do so could easily have been cured by instruction. The trial judge's "reasons" in the record for declaring a mistrial all go to his objections to the procedure of jury interrogation itself. However, the evils he foresaw never occurred here as the interrogation was never permitted. It is clear that defense counsel's conduct did not make declaration of a mistrial a manifest, urgent or absolute necessity.
Mistrials have been held to have been improperly declared (with the result that the defendant could not be retried) under more compelling circumstances than those at bar: State ex rel. Wilson v. Lewis, Fla. 1951, 55 So.2d 118 (court believed defendant's witnesses were "swearing falsely and that their testimony was prejudicial to the rights of defendant"); State ex rel. Wheeler v. Cooper, supra, (the term of court had expired); State v. Lanier, Fla. App. 1968, 205 So.2d 671 (defendant had not been arraigned and had not entered a plea); State ex rel. Hand v. Lane, supra (where, after the jury had been impanelled, both sides agreed that an insufficient amount of time had been scheduled for the trial and defendant made no objection to a "continuance" on this ground); State ex rel. Williams v. Grayson, supra (where a mistrial had been declared on the State's motion because "there might perhaps be error in the record" and defense counsel expressly stated that he had no objection thereto).
The petition is granted and the respondent is prohibited from exercising further jurisdiction over the relator under the pending charge against him other than entry of an order dismissing such charge.
Petition granted.
WALDEN and MAGER, JJ., concur.
NOTES
[1] While the factual distinction between the two cases is obvious, the legal significance of this distinction is not. It would appear that the same question of jurisdiction (and, of double jeopardy) is posed in each case regardless of whether the attempted retrial is within the same county or another. However, McCrary is unique in even undertaking to explain the distinction between these two lines of cases, as the other Florida cases on the subject, supra and infra, merely ignore the apparent split of authority.