OWEN, Chief Judge.
Relator filed suggestion for writ of prohibition to prohibit respondent from proceeding with the announced trial of relator for a charged violation of the drug abuse laws. We issued a rule to show cause, respondent filed an answer and brief and relator filed his reply brief. The cause is now ready for final disposition, the court having dispensed with oral argument pursuant to Rule 3.10(e), F.A.R.
Relator alleged double jeopardy in that theretofore he had been brought to trial on the same offense and after the jury had *451 been impanelled and sworn respondent had declared a mistrial over relator’s objection. The mistrial had been granted by the court on its own motion when it was made known to the court that the relator was voluntarily absent from the trial and the prosecution represented to the court that the absence of the relator would be prejudicial to its efforts to establish identification of relator as the perpetrator of the offense.
The power of the court to discharge a jury who have been sworn in chief before a verdict should be exercised only in case of a manifest, urgent, or absolute necessity. Allen v. State, 1906, 52 Fla. 1, 41 So. 593; State ex rel. Anderberg v. Strawn, Fla.App.1975, 307 So.2d 213. In the last cited case we discussed in some depth the subject of mistrials in criminal cases and therein noted that among the several causes which create a recognized necessity to declare a mistrial is the situation where the prisoner by his own misconduct places it out of the power of the jury to investigate his case correctly, thereby obtaining an unfair advantage of the State. Other courts in discussing the subject have also recognized that some unfair or wrongful tactic, action or conduct on the part of the defendant by which a substantial interest of the State is unfairly frustrated or embarrassed is a valid reason for declaring a mistrial. See: State ex rel. Mitchell v. Walker, Fla.App.1974, 294 So.2d 124, at 127.
We have no difficulty in concluding that under the facts of this case the respondent properly exercised his discretion in determining that there was a manifest necessity to declare a mistrial over relator’s objections where relator by his own misconduct prejudiced the State in the presentation of its case.
The writ is denied and the suggestion is dismissed.
CROSS and DOWNEY, JJ., concur.