570 So.2d 1101 (1990)
Randy Andrew ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1108.
District Court of Appeal of Florida, First District.
December 5, 1990.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Director, Criminal Appeals, Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his conviction of sale of counterfeit drugs. He entered a nolo contendere plea to that charge, reserving his right to appeal the denial of his motion to dismiss which raised a double jeopardy challenge. We agree that prosecution on that charge is barred by the double jeopardy clause and therefore we reverse.
Appellant was charged with sale of cocaine, in violation of Section 817.563, Florida Statutes. On February 5, 1990, the case proceeded to trial, at which time a jury was selected and sworn. The case was then passed until February 7 for trial. On February 6, the state received the chemical analysis results from the Florida Department of Law Enforcement, which revealed that the substance allegedly sold by appellant was not cocaine. Consequently, confronted with uncontroverted and dispositive evidence that appellant was not guilty of the crime charged, the trial court discharged the jury before trial began on February *1102 7. The discharge of the jury at that time and under those specific circumstances necessarily amounted to at least an implicit final determination that appellant was not guilty of the crime charged and thereby constituted a final disposition of that charge. Compare Mead v. State, 110 So.2d 504 (Fla. 2d DCA 1959), in which, citing 22 C.J.S. Criminal Law § 257, the court recognized that withdrawal of a charge after the jury is sworn amounts to an acquittal of that particular charge and thus constitutes "former jeopardy" as to that charge.
Based on the same conduct from which the charge of sale of cocaine arose, appellant was immediately thereafter charged with the sale of counterfeit drugs, in violation of Section 817.563, Florida Statutes. He moved to dismiss the charge, alleging that trial on that charge is barred by the double jeopardy clause because of prosecutorial negligence in failing to obtain the drug analysis report prior to the swearing of the jury on February 5, at which time appellant was placed in jeopardy. After a hearing, the trial judge concluded negligence on the part of the prosecutor would not create a double jeopardy defense in this case and thereupon he denied appellant's motion to dismiss the counterfeit drug charge.
We need not address the prosecutorial negligence arguments asserted by appellant on appeal since he also meritoriously now relies on the recent decision of the United States Supreme Court in Grady v. Corbin, ___ U.S. ___, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which is dispositive of this case. In Grady, the court held that the double jeopardy clause "bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted."
In this case, it is undisputed that the state would have relied upon proving the same conduct in a trial for sale of a counterfeit substance as it would have proven in the sale of cocaine trial. The swearing of the jury on February 5 placed appellant in jeopardy for the conduct which resulted in the sale of cocaine charge. As in Grady, that prosecution resulted in a final disposition. Therefore, although sale of a counterfeit substance is not a lesser included offense of the charge of sale of cocaine and thus prosecution on that charge is not an automatic violation of double jeopardy under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), clearly, under Grady, prosecution for sale of a counterfeit substance is barred on double jeopardy grounds under the unique circumstances of this case.[1]See also Scalf v. State, 15 F.L.W. D2479 ___ So.2d ___ (Fla. 1st DCA Oct. 4, 1990) in which, under similar circumstances, this court applied Grady and reversed a second conviction on double jeopardy grounds. As in Scalf, we reverse appellant's conviction of sale of a counterfeit substance and remand with directions that he be discharged as to that offense.
REVERSED and REMANDED.
MINER and WOLF, JJ., concur.
NOTES
[1] This holding in no way impacts the law relating to double jeopardy claims arising from declarations of mistrial, as more fully discussed in Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), since the case before us involves not a mistrial situation but final disposition of the initial prosecution.