PETERSON, Judge.
The State appeals an order dismissing the charge of Driving Under the Influence (DUI) against Jody L. Scharich. We reverse.
Although Scharich appeared for the trial of her DUI charge, she absconded after the jury was sworn. The trial court continued the trial for two and one-half hours in order to afford defense counsel an opportunity to find his client. Reconvening the court, the trial judge asked defense counsel if he was ready to proceed. The only answer and comment was: “Well, I guess not. I am, but Ms. Scharich is not here.”
The trial court then, sua sponte, declared a mistrial. One year later, with a new trial, new judge and new defense counsel, Scharich moved to dismiss the charges, arguing that the defendant did not request a mistrial at the first trial, a mistrial was not necessary and that the pending charge[1] was barred by double jeopardy. The court agreed and granted the motion to dismiss.
Although the initial trial court had other options available, such as a further continuance or a trial in the absence of the defendant, the sua sponte declaration of the mistrial should not deprive the state of a trial under these circumstances. In State ex rel. Walker v. Lee, 320 So.2d 450 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 845 (Fla.1976), the trial court, sua sponte, declared a mistrial because the defendant voluntarily absented Mmself from the trial after the jury had been impaneled and the prosecution represented to the court that the defendant’s absence would be prejudicial to its efforts to identify the defendant as the perpetrator of the offense. The district court found under such facts, the trial court had properly exercised his discretion in determimng that there was a manifest necessity to declare a mistrial.
We can envision no need to reward Scha-rich for her misconduct of inexplicably leaving her trial and obviously frustrating the State’s ability to establish the requisite identity of her as the perpetrator of the offense of DUI.
The dismissal is vacated and the matter remanded for trial.
VACATED; REVERSED; REMANDED.
THOMPSON and ANTOON, JJ., concur

. Subsequent to the declaration of mistrial, the state received proof of three out-of-state prior DUI convictions, and accordingly, increased the misdemeanor DUI charge to a felony DUI charge.